Curia.

Had this action been brought against the drawers of the bill of exchange declared on, as they had no effects in the hands of the drawees, a want of notice could not have availed them. Bui an endorser is entitled to seasonable notice of a protest for nonacceptance, whether the drawer has effects in the hands of the drawee or not, for the purpose of enabling him to secure himself against the drawer, if he should eventually be holden to pay the bill.
In this case, it appears that the bill was protested for non-payment on the 12th of October, 1807, and that the defendant had no notice thereof until the 11th of March, 1808. It appears, also, that the holder of the bill in England, immediately after the protest for non-acceptance, had several convenient opportunities to give seasonable notice, both to the plaintiffs and to the defendant, of the protest, which he neglected. By this neglect, the holder of the bill had lost his remedy as well against the plaintiffs as the defendant; and if the plaintiffs chose to waive this defence, the defendant shall not be prejudiced thereby. And, although the defendant, when he first received notice from the plaintiffs of the protest of the bill, considered himself as liable by law to pay the plaintiffs the amount of it; yet his ignorance of the law shall not hind him to fulfil an engagement made through mistake of the law. (a) It does not appear to us, from the facts, that the defendant ever received from the drawer funds to discharge this bill. We are, on the whole, therefore, of opinion that the facts stated do not maintain the plaintiffs’ action. Plaintiffs nonsuit.

.) [In England, it seems to be settled otherwise. Stevens vs. Lynch, 12 East, 38. — 2 Camp. 322, Cooper vs. Wall. — Chitty on Bills, 536, n.f., 8th Land. ed. — Ed.]