## ROSSITER *against* MARSH.

If in action on a promissory note, expressed to be *for value received,* the declaration omit that expression, the variance will be fatal.

If a note signed by *A.,* be declared on as the act and deed of *B.,* the variance will be fatal.

If a note signed by *A.,* individually, be declared on as "executed for and in behalf of *B.,* by his agent *A.,*" the variance will be fatal.

A minor under the government of a guardian, having only a general authority from him to contract, cannot bind him by promissory note.

In an action of *assumpsit* against *B.*, as the guardian of *A.*, stating a promise, arising from a contract made by *A.*, with the consent of *B.*, it was held, that a consideration for such promise must be so alleged as to shew the nature of it; the general averment of a valuable consideration being insufficient.

This was an action of *assumpsit*, in three counts.

In the first, the plaintiff declared, " That the defendant, at *New-Hartford*, on the 13th day of *July*, 1819, in and by a certain writing or note, by him well executed, dated the said 13th day of *July*, 1819, promised the plaintiff, to pay to him, or order, twenty-five dollars, on demand, with interest."

The second count stated, " That at *New-Hartford*, on the 13th day of *July*, 1819, the defendant, in and by a certain writing or note, executed by and on behalf of the defendant, by his agent, one *George Marsh*, of said *New-Hartford*, who was thereto legally authorized, dated the said 13th day of *July*, 1819, promised the plaintiff, to pay to him, or order, twenty-five dollars, on demand, with interest."

The third count was as follows : " That at *New-Hartford*, on the 13th day of *July*, 1819, one *George Marsh*, of said *New-Hartford*, was then a minor, and under the government of the defendant, who was then his guardian, and who authorized and allowed the said *George* to contract and bargain ; and the said *George*, then and there, for a valuable consideration, received of the plaintiff, did, by the permission and allowance of the defendant, make, execute and deliver to the plaintiff his certain written contract, or promissory note, dated the said 13th day of *July*, 1819, wherein he promised the plaintiff, to pay to him, or order, the sum of twenty-five dollars, on demand, with lawful interest ; and by means of the premises, the defendant became liable by law to pay to the plaintiff the said sum of twenty-five dollars in said note specified, with the interest, on demand ; and the defendant being so liable, in consideration thereof, then and there, assumed," &c.

On the trial of the cause, in the county court, on the plea of *non-assumpsit*, the plaintiff offered in evidence, to support the several counts in his declaration, the following note : " *New-Hartford, July* 13th, 1819. On demand, for value received, I promise to pay *Chandler Rossiter*, or order, twenty-five dollars, with interest.                                 *George Marsh.*"

To the admission of this note in evidence, on either count, the defendant objected, on two grounds ; first, because there was a variance between such note and the one described in

*Litchfield,*
*June,*
*1822.*

*Rossiter*
*v.*
*Marsh.*

the declaration, inasmuch as the former contained the words "for value received;" and secondly, because the note produced was signed by *George Marsh*, not as agent to, or in behalf of, his guardian, the present defendant. The court thereupon decided, that the note offered in evidence was inadmissible, and accordingly rejected it; and directed the jury to return a verdict for the defendant. The plaintiff filed a bill of exceptions to the decision of the court; and brought a writ of error in the superior court; which was reserved for the advice of all the judges.

*P. Miner* and *S. P. Beers*, for the plaintiff, contended, 1. That the note offered in evidence ought not to have been rejected, on the ground of a variance. To constitute a variance, authorizing the rejection of evidence, otherwise proper, it must be material. But, in this case, it was not necessary to state, either as matter of fact, or as description of the note, that it was given *for value received.*

First, considering these words as the averment of a matter of fact, they were unnecessary, both in the note and in the declaration, because the note, being a specialty, *implied* a consideration. In debt on bond, in *England*, a consideration is never alleged; nor in actions on bills of exchange, which, in this respect, stand on the same ground. 2 *Conn. Rep.* 685. per *Gould*, J. *Swift's Ev.* 248. 1 *Swift's Dig.* 420. 422. *Chitt. Bills* 61, 2. 328. 1 *Chitt. Plead.* 346, 7. 354. And if it be averred in the declaration, that the instrument was for value received, the averment is an *immaterial* one, which need not be proved. *Wilson* v. *Codman's* exr. 3 *Cranch* 193.

Secondly, the words *for value received,* were unnecessary in the declaration, for the purpose of description. It is not necessary to set out a note *in hæc verba;* nor did the pleader, in this case, profess thus to set out the note. In all that was material, the note described corresponds with the one offered in evidence. Besides, the third count distinctly avers the fact of *value received, viz.* "for a valuable consideration."

2. That the note in question ought not to have been rejected, because it was signed by *George Marsh*, without any addition. Agents *constituted by the party*, must undoubtedly sign, as such, to determine who is intended to be bound. But the statute (*tit.* 107. *s.* 2. *p.* 487. ed. 1808.) has introduced a new rule, making the guardian liable where he was not liable at common law. The legislature had two objects in view, in

passing the statute; first, protection to the minor, and secondly, security to the public. To effectuate the latter object, without infringing upon the former, it was the intention of the legislature, that the guardian who had authorized his ward to make contracts, should be liable on such contracts, precisely as though he had been present, and made them himself. The act of the ward, is, by force of the statute, transferred to the guardian, and, in contemplation of law, is his personal act. The *form* of the contract makes no difference, whether it be by parol, or in writing. *Rogers* & ux. v. *Hurd,* 4 *Day* 57. 61, 2. 1 *Swift's Syst.* 216. 1 *Swift's Dig.* 54. *May* & ux. v. *Webb, Kirb.* 286. A different construction of the statute would render it nugatory; for, without the statute, the principal would be liable for the contracts of his *authorized agent,* acting in that capacity.

*Benedict* and *J. W. Huntington,* for the defendant, contended, 1. That the note offered in evidence was inadmissible under all the counts, by reason of a variance.

As to the two first, which are on the note, the words *value received* are part of the *description* of the instrument; and if they are omitted in the declaration, it does not appear to be the same instrument.

That they do enter into the description of the note, is manifest, first, from their being a part of it. It is as necessary to ascertain the identity of this note, that it should contain the words *value received,* as the word *order.* They go, with other words, to constitute the note itself; and are as much a part of it, as the sum of money promised to be paid. In *Saxton* & al. v. *Johnson,* 10 *Johns. Rep.* 418. the pleader used the words *for value received ;* and the note contained no such words. The court say, these words "were used and intended for a *description* of the note declared on, and not as an averment;" and they, therefore, held, that there was a variance.

Secondly, the words *value received* were a *material* part of the contract, which was the foundation of the action. It is an universal rule, that in all actions on contracts, which are entire and indivisible, the pleader must set forth all the material parts of the contract, and must prove them as laid. If the declaration omits to state any part which is material, or states what does not appear from the contract; in either case, there is a variance. A variance exists, as well where words are omitted, as where they are supplied. *Lawes' Assump.* 106.

*Litchfield,*
*June,*
*1822.*

Rossiter
*v.*
Marsh.

*Hockin* v. *Cooke,* 4 *Term Rep.* 314. The reason is, that where words are omitted, the contract declared on appears not to be the same contract, which is offered in evidence; and this is what constitutes a variance in any case. Every thing is material in a contract, which creates a liability, or shews the extent of it. Every thing which is a part of it, tending to give it legal effect, is material. It is necessary to the legal validity of every contract, that there should be a consideration. If that consideration appear on the instrument, it should be stated; for it is that which creates the liability.

But, it is said, this note is declared on according to its legal effect; because, being a specialty, it *imports* a consideration, and the averment that it was executed in writing, is an averment that it was executed for value received. According to a long and uniform practice, in this state, a note not negociable is a specialty, so far that an action may be founded on the instrument itself. This, however, does not determine whether it imports a consideration; for written agreements to do collateral acts, as well as to pay money, may be the foundation of an action; and yet a consideration must be proved, unless expressed. Now, there is no difference between a promise in writing to pay money, and to do any collateral act, so far as *consideration* is concerned. The question, then, is, whether every written contract, in *Connecticut,* imports a consideration, *because it is in writing.* This is contrary to the principles of the common law, and the decisions in all our sister states. *Thatcher* v. *Dinsmore,* 7 *Mass. Rep.* 299. *Saxton & al.* v. *Johnson,* 10 *Johns. Rep.* 418. *Jerome* v. *Whitney,* 7 *Johns. Rep.* 321. 323. *Blanckenhagen* v. *Blundell,* 2 *Barn. & Ald.* 417.

Further, if the legal effect of a note in *Connecticut,* is, that it is given *for value;* then this note is not declared on according to its legal effect, because no value is alleged. The legal effect of a note where no time is mentioned for payment, is, that it is payable on demand; and that must be alleged. *Bacon* v. *Page,* 1 *Conn. Rep.* 404. But why allege it, if the note is properly set forth in words? Because it is a part of that which constitutes a legal obligation. So here; though a note implies a consideration, such consideration must, for the same reason, be alleged.

But admitting, that these words are not a material part of the contract, as either creating a liability, or shewing the ex-

tent of it; and that they are not necessary to give it legal effect; it is still a sufficient answer, that this is not the criterion. The word *order*, in this note, does neither. The liability of the promisor is not extended by it; and the legal effect of the instrument is the same, whether it appears, or does not appear. But suppose it had been omitted in the declaration; would there not have been a variance? Suppose the *date* of the note had been omitted; would not *that* have been fatal? Suppose the note, instead of containing the words *value received*, had stated the particular consideration. Now, this would not be necessary to give it legal effect. But if the declaration should omit such consideration, would there not be a variance? What, then, is the criterion? Must every word be set out? No; but "so much as constitutes the contract, prescribes the obligation, and the time, manner, and other circumstances of its performance." *Lawes' Assump.* 78, 9. *Clarke* v. *Gray*, 6 *East* 567. Now, what constitutes this note? In part, its consideration, which is expressed.

Again, it is objected, that in an action on a bond or bill of exchange, it is not necessary to aver, that it was executed or given for value received; and hence it is inferred, that in an action on a note not negociable, such averment, if made, is immaterial. But in the cases alluded to, the averment of a consideration is unnecessary, because no consideration appears on the face of the instrument. When a consideration does so appear, it is part of the description of the contract; and must be stated.

As to the third count: In this, it is said, the words *for a valuable consideration* are inserted. They are; but not as a part of the instrument. It is a mere averment of the pleader, that the note was given for value; but it is not an allegation that this fact is expressed in the note.

2. That the note was inadmissible under all the counts, because it created no obligation on the defendant. The statute intended to subject the guardian, on the contracts, which were made by his ward, with his consent. Not only the express words, but the object of the law, require this construction. But it was not intended, that the guardian should be bound, by *every form of contract*, which the ward might use. The object of the statute was two-fold; first, to protect the minor against improvident contracts; and, secondly, to protect the public against contracts made with minors, by giving a remedy against those of more mature years, who permitted such

contracts to be made. Both these objects will be completely effected, by subjecting the guardian upon *the original indebtedness only*. The minor and the public will be equally protected ; and a sufficient inducement will be held out to the guardian not to permit the minor to contract at all. On the other hand, if the contract, whatever *form* it may assume, is, by the operation of the statute, to be considered as the act of the guardian ; if the note of the minor is to be considered as the act and deed of the guardian ; these consequences will result ; first, it will subject the guardian beyond what a reasonable construction of the statute would seem to require, making him liable, in case of a general authority, on particular contracts not made with his permission, and precluding him from enquiring into the consideration of them ; secondly, it will come in collision with well established analogies in similar cases, as it will allow the minor to bind the guardian, by his contract, without shewing his authority on the face of it ; thirdly, it will create a right in the creditor, which, under given circumstances, he has consented to waive, as where he has contracted with the minor on his responsibility alone.

Hosmer, Ch. J. The first count in the plaintiff's declaration, is on a promissory note, executed by the defendant, and not averred to have been for value received. The note exhibited in evidence, purports to be for value received ; and hence is materially variant from the one declared upon. It likewise appears to have been executed by *George Marsh*, without any addition or qualification, and obliges him personally, but is not the act and deed of the defendant. These variances are palpable and fatal.

The second count in the plaintiff's declaration, is equally unsupported by the note produced in evidence. The averment is upon an instrument, not expressed to be for value received, and executed for and in behalf of the defendant, by his agent *George Marsh*. In both these particulars, the note declared on is obviously and materially variant from the one exhibited.

In his third count, the plaintiff declares, that one *George Marsh* was a minor, under the government of the defendant, as his guardian, and by him was authorized and allowed to contract and bargain ; that for a valuable consideration, by the defendant's permission and allowance, the said *George Marsh* made and executed to the plaintiff a note, promising to

pay him or order twenty-five dollars, on demand, and that, by means of the preceding facts, the defendant became liable, and in consideration thereof, assumed on himself to satisfy the aforesaid engagement.

If the plaintiff founds his right of recovery, as I think he does, on the promissory note before-mentioned, the same mis-description still exists; and to this may be added another insuperable objection. A minor under a general allowance of his guardian to contract, is not authorized to bind him, by promissory note, nor does the law arising on the premises infer such an obligation. It would be a novel construction of the statute on this subject (*tit.* 107. *s.* 2. *p.* 487. ed. 1808.) and of equally unnecessary and pernicious tendency, to hold, that under the general authority of law, a minor may execute bills, bonds or notes, which shall be obligatory on his parent or guardian.

But waiving this conclusive consideration, and viewing the note declared on as the evidence of a promise only, the insufficiency of the plaintiff's declaration is still indisputably manifest. A consideration for such a promise must be legally set forth; but the indefinite phrase, "for a valuable consideration," is not that specific averment, which the law requires, and which must be so alleged, as to show the nature of the consideration; that the court may judge of its sufficiency, and the defendant may come prepared to disprove it.

The other Judges were of the same opinion.

Judgment to be affirmed.