## THE UNITED STATES *vs.* ALOIAU and ISAAC KAUHOE.

### March 23, 1905.

*Promissory Note made payable to Officer of the United States:*
The United States may be plaintiff in an action to collect a promissory note made payable to one of its officers, if it appears on the face of the note or from other evidence that it is for the benefit of such government.

*Same—Consideration of Delay—Liability of Sureties on Official Bond:*
The principal on an official bond embezzled a certain amount. Demand was made on his sureties for such amount. They agreed to pay it in ninety days if allowed such delay, and gave their note for it. Failing to pay at the end of the time, they were sued, but the amount of their bond was not stated in the declaration. *Held,* that the delay of ninety days could only be a consideration for such amount as they were liable for on their bond, and there being no statement of that they could not be held, in this proceeding, for any part of the note,—the demand being entire.

Assumpsit: Demurrer to Complaint.

J. J. Dunne, Ass't. U. S. District Attorney, for the Government.

C. W. Ashford, Attorney for Defendants.

Dole, J. This is an action against the sureties on the bond of Levi P. Kauhoe, late postmaster at Kapaa, Island of Kauai, in this Territory. The complaint alleges, in substance, the appointment of the postmaster and of Frank J. Hare as Post-Office Inspector of the Post-Office Department of the United States; and that in the matters related in the complaint, he was acting on behalf of the United States and not for his own benefit; that these defendants were the sureties upon the official bond of such postmaster, and that on June 15th, 1904, and within the preceding three years, said postmaster embezzled eighteen hundred and ninety-one ($1891.00) dollars of the money-order funds of the United States coming into his possession as such postmaster; that on said 15th day of June, said inspector demanded of the postmaster and his sureties upon his

bond, the full amount of such embezzlement, whereupon the said sureties, these defendants, requested of the inspector an extension of time for ninety days within which to pay the United States the money embezzled as aforesaid, and agreed with the inspector that if such extension of time was given, they would execute and deliver to the inspector a promissory note, which is set out at length in the complaint, and would pay the same when it became due; and that the inspector consented to give such time and thereupon the defendants executed and delivered to him said promissory note for the said amount, payable in ninety days, in consideration of such extension and of the United States refraining from proceeding against them for such period, and in consideration of the obligation of the defendants to reimburse the United States for "any losses sus- "tained by the said United States through the acts of the said "Levi P. Kauhoe as such postmaster," such note being for the use and benefit of the United States alone; and that the plaintiff was, and is now, the legal holder and owner of the said note and that the defendants have had the benefit of the said extension of ninety days, but that they, the defendants, have failed and refused to pay the same upon its coming due, whereby the same is now due with legal interest from the 15th day of September, 1904; with prayer for process and for judgment in the sum of eighteen hundred and ninety-one ($1891.00) dollars, and legal interest and costs.

Each of the defendants filed a demurrer to the complaint, which demurrers were similar so that it is sufficient to refer to only one of them. The first ground of the demurrer is "That the United States of America is not a proper "party plaintiff herein, and that there is no capacity in the "United States of America upon the facts alleged in said com- "plaint, to have or maintain a suit against this defendant."

This ground was elaborated in argument at the hearing, counsel for defendants contending that only the inspector was authorized to sue for the collection of this note, on the ground that the note was made payable to him and that the reference

18—U. S. D.

to his official capacity in the note was simply a matter of identification. Although the description in the note in question of the official status of the Post-Office Inspector is somewhat vague, he being merely described as "P. O. Inspector," yet the statement of the note that the promise to pay the money in question "on account shortage in money order funds at Kapaa Post-Office," together with the allegation of the petition to the effect that the note is in the plaintiff's possession, are, in addition to the description, sufficient evidence of the beneficial interest of the plaintiff in it. *2 Daniels' Negotiable Instruments, Sec. 1187.*

"But supposing the bill to be the property of the United States; still it is insisted, that the action should have been in the name of Mr. Tucker, their trustee, and not in the name of the *ceslui que* trust; and much was said to show the hardship of unnecessarily exposing a party to a suit in the name of the United States, who paid no costs, and sued under several other advantages which were not common to other plaintiffs. No case has been cited to show that where a bill is endorsed to the known agent of another, for the use of the principal, as is the necessary intendment here, that an action may not be maintained in the name of such principal; but were that the case, I should say that the government ought to form an exception to the rule, and that an action might be brought in every case in the name of the United States, where it appeared on the face of the instrument, that they alone were interested in the subject matter of the controversy. This certainly is not carrying prerogative (if it deserve that name) too far. There is a fitness, that the public by its own officers, should conduct all actions in which they are interested; and the inconveniences to which individuals may be exposed in this way are but light, when weighed with those which would result from their agents always bringing actions in their own names. They might employ whom they pleased, and by negligence or otherwise, the rights of the public be jeopardized. Set-offs too might be interposed

against the individual who was plaintiff, unless the court, to prevent them, would take notice of the beneficial interest of the public; and if they could do this to prevent a set-off, which courts of law have done, why not do it at once, by permitting an action to be instituted in the name of the United States?" *United States v. Barker,* 24 Fed. Cas. 987, 988 (No. 14,517).

"Where bills or notes are made payable to an officer or agent of the United States or other government, and it appears from the face of the instruments, and from evidence *aliunde,* that they are for the benefit of such government, the action may be brought in its name." *2 Parsons, Notes & Bills,* 451-2; *Dugan v. United States,* 16 U. S. 172, 180, 181.

I find, therefore, that the action is properly brought in the name of the United States as plaintiff.

The second and third grounds of the demurrer will be con-- sidered together. They are as follows:

"2. That said complaint fails to show any legal or valid "consideration moving or having moved from said plaintiff, or "from any person or persons acting for or on behalf of said "plaintiff in the premises, for the execution and delivery by "this defendant of the promissory note in said complaint set "forth."

"3. That said complaint is ambiguous in this: that it does "not set out by copy or otherwise, the official bond of Levi P. "Kauhoe, who is therein named,—and upon which official bond "it is alleged in said complaint that this defendant, together "with his co-defendant herein, one Aloiau, were the sureties, "of and for said Levi P. Kauhoe in the official capacity of him, "the said Levi P. Kauhoe, as postmaster at Kapaa, therein men- "tioned; and in that said complaint fails to set forth the "amount, penalty, terms and (or) conditions of said official "bond, and fails to state or show in what manner and (or) to "what extent, and (or) to what amount, (if at all) this defend- "ant, as a surety on said official bond, became liable or obligated "to the United States of America or to any other person or per-

"sons; and in that it does not appear from said complaint that
"Levi P. Kauhoe as such postmaster as aforesaid, was at any
"time therein mentioned, indebted to said plaintiff in the sum
"therein mentioned and sued for, or for any other or different
"sum; nor does it appear that, at any time therein mentioned,
"this defendant, or said Aloian, as such sureties as aforesaid,
"was, or that either of them were in any wise liable or indebted
"or obligated to said plaintiff in any amount whatsoever."

The fourth and fifth grounds of the demurrer are that the
complaint is uncertain and unintelligible for the reasons set
forth in the third ground; and the sixth ground is that the com-
plaint does not state facts sufficient to constitute a cause of
action against the defendants.

The note upon which the action is brought is non-negotiable
in form and has no words of consideration, unless the words
of the note "on account shortage in money order funds at Ka-
paa Post-Office," state a consideration, which, in my mind, they
do not do. This necessitated averments in the declaration
showing consideration, which were as given in the statement
of the case. The declaration recites that the extension of time,
with the action of the plaintiff in refraining from proceeding
against defendants and the obligation of the defendants to re-
imburse the plaintiff for the losses sustained by it through the
acts of the said postmaster, were consideration for the execution
and delivery of the said note.

There is no doubt that extension of time for the payment
of a bona fide debt, or of the bringing of legal proceedings for
the collection of such debt is sufficient consideration for the
execution and delivery of a promissory note for the payment
of said debt at a later period. The question raised by the third,
fourth, fifth and sixth grounds of the demurrer, is that as the
declaration, to quote from the demurrer, "fails to set forth the
"amount, penalty, terms and (or) conditions of said official
"bond, and fails to state or show in what manner and (or) to
"what extent, and (or) to what amount (if at all) this defend-

"ant, as a surety on said official bond, became liable or obligated "to the United States of America or to any other person or per- "sons," the complaint is ambiguous, uncertain and unintelligible; in other words, the complaint failing to show the amount of the bond in question and its terms and conditions, there is no showing as to the amount of defendant's obligation, the extension of time for the payment of which became the consideration of the promissory note.   To illustrate,—if the amount of the bond is less than the amount embezzled and sued for, the surplus is not an obligation for which an extension of time for the payment thereof would become a consideration of the promissory note, for the sureties on the bond cannot be liable for more than the amount of the penalty of the bond; and in like manner, the obligation of the defendants to reimburse the plaintiff for the losses sustained, which is made by the complaint one of the considerations of the note, is only a consideration to the extent that the losses are within the amount of the bond and of a note so limited.

"In order to render the agreement to forbear, and the forbearance of a claim a sufficient consideration, it is essential that such claim should be sustainable at law or in equity; and the consideration will fail if it appear that the demand was utterly without foundation." *Chitty on Contracts (8th Am. Ed.)* 34 a.

"The promise of an heir to pay his ancestor's bond, in consideration of forbearance to sue him thereon, is not binding if the bond did not expressly name, and consequently did not bind, *the heir* of the obligor." *Id.* 34 a, 35.

"Forbearance of an unfounded suit is no forbearance." *Jones v. Ashburnham,* 4 East, 455, 464.

"Where one, through a mistake of the law, acknowledges himself under an obligation, which the law will not impose upon him, he shall not be bound thereby." (Syllabus) *Warder v. Tucker,* 7 Mass. 449, 452; *Freeman et al. v. Boynton, Id.* 483, 487.

.There is nothing in the complaint to show the extent of the obligation of the defendants to the plaintiff under the bond which is made the basis of the negotiation which led to the execution and delivery of the note, the extension of time of payment of such obligation being relied on as the consideration of the note.

. The consideration for such a promise must be legally set forth, but the indefinite description of the obligation of the defendants, for the forbearance in regard to which the note was given, is not that specific averment which the law requires and which must be so alleged as to show what was the original demand upon which the consideration of the note was based, that the court may judge of its validity as a *prima facie* proposition and that the defendants may be prepared to answer it. *Rossiter v. Marsh* 4 Conn. 196. This case is based upon an oral promise, but is applicable to the case at bar in which the note sued on does not state words of consideration. I do not think the fact that the demand stated in the declaration is partially a valid one, can affect this view of the case, the demand being entire and covering a possible invalid claim of the comparative amount of which the court is not informed and if so, it cannot be severed. *Wood v. Benson, 2 Crompton & Jervis,* 94, 100.

The demurrer is allowed on this ground.