# THE UNITED STATES *vs.* ALOIAU and ISAAC KAU-HOE.

## September 13, 1905.

*Forbearance to Bring Action as Consideration for Promissory Note:* Forbearance to sue on a disputed claim, even though it is an invalid one, is a good consideration for a new promise or a compromise, where the party forbearing is acting in good faith. But if he knows the claim to be unfounded and gains an advantage by it through a compromise, his action is fraudulent, and no consideration arises.

*Acknowledgment of Obligation by Mistake:* "Where one, through a mistake of the law, acknowledges himself under an obligation which the law will not impose on him, he shall not be bound thereby." *Warder v. Tucker,* 7 Mass., 449, 452.    (Syllabus).

Assumpsit:    Demurrer to Amended Complaint.

J. J. Dunne, Ass't. U. S. District Attorney, for the Government.

C. W. Ashford, Attorney for Defendants.

DOLE, J.    This is a demurrer to an amended complaint, the original of which was also demurred to and the demurrer allowed by this court on the ground that the complaint failed "to set forth the amount, penalty, terms and condition" of the official bond referred to in the complaint as the basis of the claim sued for, and "fails to state or show in what manner and what extent and what amount" the defendants as sureties on such bond became liable or obligated to the plaintiff or any one; the contention being that a forbearance by the plaintiff to bring proceedings for the whole amount of the embezzlement by the principal of the bond, was not a legal consideration for a note given by the defendants, in that the amount of the bond was not set forth and therefore the court could not know by the allegations, that the forbearance to sue, which was claimed as the consideration of the note, was a forbearance to sue on a lawful debt.

The amended declaration is substantially the same as the other with the exception that a copy of the bond is attached to the complaint; so that the status of the case, as alleged, is, in brief, as follows:

The defendants were sureties on the bond of a postmaster for one thousand dollars.    The postmaster embezzled Post-Office funds to the amount of eighteen hundred and ninety-one dollars. The Post-Office Inspector demanded of the defendants a full payment of the amount embezzled, and the defendants requested from the Post-Office Inspector an extension of time of ninety

days within which to pay such demand and agreed if such time was allowed, to execute and deliver to such inspector a promissory note to pay the said amount at the end of such period, which note was executed and delivered and which they failed and refused to pay after the time had expired.

The demurrer to this complaint alleges as grounds of demurrer, first, "that the United States of America is not a proper party plaintiff herein, and that there is no capacity in the United States of America, upon the facts alleged in said complaint, to have or maintain a suit against these defendants." This ground of demurrer is overruled for the reasons given in the ruling on the demurrer to the first complaint.

The second ground of demurrer is, "That said amended complaint fails to show any legal or valid consideration moving or having moved from said plaintiff or from any person or persons acting for or on behalf of said plaintiff in the premises, for the execution and delivery by these defendants of the promissory note in said complaint set forth." And the third ground of demurrer is, "That said plaintiff hath not, in and by its said amended complaint, stated facts sufficient to constitute a cause of action against these defendants."

Counsel for the plaintiff contends in his brief that this extension of ninety days was a sufficient consideration of the note made by the defendants, quoting a number of authorities in support of such contention and says further, "While it is true that there is a difference of amount between the bond and the note, still it is submitted that this court cannot say that the ninety days' extension asked for by these defendants, and obtained by them, was not worth to them vastly more than this difference in amount."

As to this latter proposition, the court does not hesitate to say that such extension was not worth to the defendants anything like this difference in amount, a difference of nearly one hundred per cent., without a showing by the plaintiff to the contrary. It is an incredible thing that an extension of three

months in the time of paying a claim should be so valuable to the parties of whom such claim is demanded as to be worth substantially the full amount of the principal of the claim except under extraordinary and most unusual circumstances.    I have looked over the greater number of the authorities cited by plaintiff's counsel on the proposition "that the suspension of an existing demand is a sufficient and valid consideration" for a new promise.

Previous to 1870, there was a conflict of authority on the question whether forbearing to sue upon a claim which is without foundation could constitute a good consideration for a promise, to make forbearance a legal consideration.    The court, in the case of *Callisher v. Bischoffsheim,* L. R. 5 Q. B. Cas., 449, decided that year, took the ground that it was not necessary that the claim upon which the forbearance was made as a consideration of a promise, should be a valid claim but that an agreement to compromise a disputed claim is a good consideration where the party making the forbearance honestly believes he has a fair chance of success, even though there is in fact no foundation for such claim.    This decision has had a great deal of influence and has been generally followed both in England and in the United States.    The same decision says, however, on page 452, that "It would be another matter if a person made a "claim which he knew to be unfounded, and, by a compromise, "derived an advantage under it; in that case his conduct would "be fraudulent."

*1 Parsons on Contracts,* (9th Ed.) p. 442, has the following in note 1:

"In all jurisdictions it would be admitted that forbearance of a claim is no consideration if the claimant knows his claim to be unfounded or conceals material facts relating thereto," citing *Ex Parte Banner,* and *In re Blythe,* L. R. 17 Ch. Div., 480, and American cases.

Recognizing this rule as authoritative, the question arises in this case, first, whether the claim made by the Post-Office

Inspector on the defendants was a lawful claim, and if not, whether the inspector knew that it was unfounded. The bond of the defendants was for one thousand dollars; they were not liable on account of the embezzlement of the principal of the bond for anything beyond that sum and although they were liable for that, yet I think the whole claim, being entire, was unfounded and the inspector being supposedly well acquainted with the bond, was in a position to know and must have known that it was unfounded. His demand therefore on the defendants for the payment of this larger sum was fraudulent in its essence and therefore comes within the exception to the rule established by the case of *Callisher v. Bischoffsheim, supra.* If the demand had been for the amount of the bond, the defendants might have paid it at once, but their promise as set forth in the note referred to, to pay the whole amount of the claim, must have been made under undue influence or a misapprehension of their legal rights.

"Where one, through a mistake of the law, acknowledges himself under an obligation which the law will not impose upon him, he shall not be bound thereby." *Warder v. Tucker* 7 Mass. 449, 452. (Syllabus.)

Under the circumstances, I find that the forbearance of the inspector to bring suit upon such unfounded claim was not a legal consideration for the note in question, and allow the demurrer on the second and third grounds.