Hillsborough, }
Nov. 6, 1912. }

HEALY & a.  v.  HEALY & a.

Where claimants of property have entered into a written contract respecting it
   under a mutual mistake as to their legal rights, those jeopardized thereby are
   entitled to rescind when such a course will furnish them needed relief and will
   not work an injustice to the other parties to the agreement.

BILL IN EQUITY, for the specific performance of an alleged
contract. Transferred from the January term, 1912, of the superior
court by *Mitchell*, J.

The plaintiffs are sons and daughters of deceased uncles and
aunts, and the defendants are two of the surviving uncles and
aunts, of John M. Harrington, who died in February, 1908, intes-
tate. On the petition of the plaintiffs, one of the cousins was
appointed administrator of Harrington's estate, notwithstanding
the defendants objected and petitioned for the appointment of
another qualified person. The appointment was made upon the
erroneous assumption that the cousins of the decedent, as well as
the uncle and aunt, participated in the distribution of the estate.
Acting on the same erroneous assumption, all the parties and
another uncle subsequently joined in a power of attorney to the
administrator, but in his individual capacity, authorizing him to
sell the real estate and erroneously describing the parties to the
power as heirs of Harrington. April 6, 1909, this power was re-
voked by the defendants. At the date of revocation nothing had
been done under the power except the employment of an auc-
tioneer whose bill for services, amounting to ten dollars, has been
paid by one of the plaintiffs.

The plaintiffs claim that all the parties to the power of attorney
assented to the mistaken view of the law upon which the adminis-
trator was appointed, and that his power was given to facilitate
distribution of the estate among the parties. This the defendants
deny, claiming that such was not the purpose of the power. This
issue has not been tried, the court having ruled that even if the
defendants signed the power of attorney for that purpose, they
are not concluded thereby since they acted under a mistaken
apprehension of the law, and that they may now controvert it;
that the signing of such power of attorney, under such misappre-
hension of their legal rights, does not conclude the real owners of

the property from now insisting upon a distribution in accordance with the law. The court ordered that the bill be dismissed, and that the nieces and nephews who became parties to the power of attorney should be relieved of any obligation incident thereto. To the order of dismissal the plaintiffs excepted.

*James A. Broderick*, for the plaintiffs.

*Andrews & Andrews* and *Arthur S. Healy*, for the defendants.

PEASLEE, J. The only exception taken is to the order that the bill be dismissed. This order was apparently based upon the ruling that the defendants were entitled to rescind their agreement, and the question relating to rescission is thus presented. The plaintiffs insist that there was a contract for the distribution of the estate, and that the defendants are estopped to now deny that the plaintiffs are heirs thereto. As the decision rests upon the theory of rescission, there is no occasion to consider the claim of an estoppel by deed. If the agreement has been rescinded, its effect is abrogated. The parties stand as they would if it had not been made. The question is not what such an agreement would mean, or of its legal effect, but whether the agreement exists.

That a rescission may be had for a mutual mistake as to the legal rights of the parties seems to be well settled. In some cases this has been put upon the ground that there was no consideration for the promise, in others that there was a mistake as to the subject-matter, but usually upon the broad principle that justice and equity require such a rule. The dividing line between cases where these considerations should control and those which should be governed by the maxim that ignorance of the law excuses no one has not always been clearly defined. Pomeroy describes it thus: "Whenever a person is ignorant or mistaken with respect to his own antecedent and existing private legal rights, interests, estates, duties, liabilities, or other relation, either of property, or contract, or personal *status*, and enters into some transaction the legal scope and operation of which he correctly apprehends and understands, for the purpose of affecting such assumed rights, interests, or relations, or of carrying out such assumed duties or liabilities, equity will grant its relief, defensive or affirmative, treating the mistake as analogous to, if not identical with, a mistake of fact." Of this rule he says: "The number of decisions which support it, and which it explains, is very great." 2 Pom. Eq. Jur., s. 849.

"Whenever the mistake of law is mutual, and the party jeopardized thereby can be relieved without substantial injustice to the other side, then equity will afford redress, especially if the party to be benefited by the mistake invokes the aid of equity to put him in a position where the mistake will become advantageous to him." *Freichnecht* v. *Meyer*, 39 N. J. Eq. 551, 561; *Gerdine* v. *Menage*, 41 Minn. 417; *State* v. *Paup*, 13 Ark. 129; *Warder* v. *Tucker*, 7 Mass. 449. And in this jurisdiction the fact that a mistake was one of law has not been considered as necessarily a bar to treating it as a ground for granting relief. *Parker's Appeal*, 15 N. H. 24; *Tilton* v. *Tilton*, 35 N. H. 430; *Bolles* v. *Dalton*, 59 N. H. 479; *Parsons* v. *Durham*, 70 N. H. 44; *Dame* v. *Wood*, 74 N. H. 212.

Judged by any of the tests above suggested, these defendants were entitled to withdraw from their agreement. Assuming, as the plaintiffs claim, that the agreement covers a division of the estate with them, there was no consideration for the promise. The subject-matter—their interest in the estate—had no existence. And they are here seeking relief from a court of equity to the end that they may enforce an inequitable bargain.

It may be conceded, as the plaintiffs argue, that the rule as to rescission does not apply where the agreement was entered into to settle disputed or doubtful claims. The arrangement here made was not in any sense a settlement of a controversy. It was made because all the parties then supposed that the nephews and nieces were entitled to share in the distribution. There was no difference of opinion which was compromised, but simply a mutual mistake as to their rights in the premises. Believing that all were entitled to share in the estate, the parties made this agreement for the convenient disposal of the property. No action has been taken under the agreement, save the payment of ten dollars by one of the plaintiffs. By the decree which was entered, this is to be returned to him. The contract, if one was made, is still executory. Upon these facts equity plainly requires the order which was made in the superior court.

*Exception overruled.*

All concurred.