## SULLIVAN v. COLLINS.

1. **Promissory note:** COMPROMISE. A compromise of a claim is not a sufficient consideration to sustain a promissory note, when such claim is not sustainable in law or equity, or, at least, doubtful in some respect.

2. —— BURDEN OF PROOF. A promissory note imports a sufficient consideration, when executed in settlement of a claim; and when its validity is attacked on the character of the claim, the burden of showing that character is upon the defendant.

3. —— OMISSION TO STATE FACTS. The omission by the payee of a promissory note to state all the material facts upon which the consideration of the note was founded, would not necessarily invalidate the note, if the facts were actually known to the maker at the time.

4. **Evidence:** INSTRUCTION. The court instructed the jury, that "when the witnesses swear differently, and one is a disinterested witness and the other a party to the suit, then, other things being equal, the evidence of the disinterested witness should prevail over that of the party to the suit:" *Held*, that while the language of the instruction was objectionable, it would not authorize a reversal of the judgment.

5. **Instructions:** REFUSAL TO GIVE. The jury submitted two questions in writing to the court; whereupon they were told orally that the questions had nothing to do with the case, and that it was their duty to proceed and determine the case under the evidence and instructions already given: *Held*, that refusing orally to further instruct the jury, was not erroneous.

6. **Promissory note:** FALSE REPRESENTATIONS. A promissory note, the execution of which was secured by false representations, or in settlement of a claim which was wholly unfounded, is unsupported by a consideration, and cannot be enforced.

*Appeal from Jasper District Court.*

WEDNESDAY, APRIL 5.

SUIT on promissory note, executed by defendant to plaintiff. Defense, want of consideration. The defendant sold to plaintiff a mare, and received his pay; afterwards, the plaintiff was sued before a justice of the peace, in replevin for the mare, by a former owner, who claimed that

the mare had been stolen from him. On the day the writ of replevin was served on Sullivan, he compromised with the plaintiff in the writ, by relinquishing all claim to the mare, in consideration of the relinquishment by the claimant of all damages for the detention and the payment of the costs, and a judgment was on the same day entered by the justice of the peace, for plaintiff, for the mare, without costs.

In two or three days thereafter Sullivan went to Collins, and representing to him that the mare had been taken by replevin, and his title had failed, procured from Collins the note sued on. Collins afterwards learned that the mare had not been stolen, but properly taken up and sold as an estray, and that plaintiff had given her up by compromise, and not by order of a court on a contested trial. The plaintiff claims that he gave up the mare without a trial, by consent of Collins.

There was a trial by jury, with verdict and judgment for plaintiff, and defendent appeals. The further necessary facts are stated in the opinion.

*E. J. Ingersoll* and *G. R. Shays* for the appellant.

*Winslow & Lindley* for the appellee.

COLE, J. — I. At the request of plaintiff's counsel the court instructed the jury, "that it is a sufficient considera-

1. PROMISSORY NOTE: compromise. tion to support a note, to show that it was given to settle a claim and avoid litigation."

This is not the law. A note given, before a suit brought, to settle an illegal or wholly unfounded claim, has not sufficient consideration to support it, and cannot be enforced at law. It is essential that the claim be sustainable at law or in equity; or, at least, that it be *doubtful* (either in its right or amount). 1 Parsons on Contr., 366, 367, and note *c;* Chitty on Contr. (10 Am. ed.), 33, 35, 41, and note *m;*

Addison on Contr., (12 Am. ed.), 21, note *n;* Story on Contr., §§ 435, 436; Smith on Contr. (4 Am. ed.), 102; *Jones* v. *Ashburnham,* 4 East, 455; *Smith* v. *Alger,* 1 Barn. & Adol., 604; *Wade* v. *Simeon,* 2 C. B., 548; 52 Eng. C. L.; *Gould* v. *Armstrong,* 2 Hall, 266; *Cabot* v. *Haskins,* 3 Pick., 83; *Warder* v. *Tucker,* 7 Mass., 449; Id., 483; *Haynes* v. *Thorn,* 8 Foster (N. H.), 141; *Dunbar* v. *Warden,* 13 N. Hamp., 311; *Jarvis* v. *Sutton,* 3 Ind., 289; *Stewart* v. *Ahrenfeldt,* 4 Denio, 189.

II. The defendant asked the court to instruct the jury, that, "if a person makes a promise to pay a certain amount

2. — burden of proof. in settlement of some pretended claim or suit, that is not commenced, and that is the only consideration, and said party wishes to enforce said promise, he must show that he had a probable cause of action against said party."

This instruction was refused by the court, and rightly so, in this case. The note imported a consideration; and it was not necessary for the party seeking to enforce it to show that he had a probable cause of action in the claim settled. But, in order to avail himself of such defense, the defendant must show clearly that the claim, which was the foundation of the promise, was unfounded, and could not have been prosecuted with effect. *Gould* v. *Armstrong,* 2 Hall, 266. The other instruction asked by defendant, and

3. — omission to state facts. refused, was also rightly done: for the reason that, if "the plaintiff did not state to defendant" all the facts, and yet they were known to defendant by other sources of information, such failure, by plaintiff, to state them, would not necessarily defeat his action.

III. The court, on its own motion, instructed the jury, *inter alia,* that, "when two witnesses swear differently, and

4. EVIDENCE: instructions. one is a disinterested witness, and the other a party to the suit, then, other things being equal,

Sullivan v. Collins.

the evidence of the disinterested witness should prevail over that of the party to the suit."

We would not feel justified in reversing the judgment for any error in this paragraph of the instructions; and yet it fails to meet our approval, and is certainly wanting in that perspicuity which generally characterizes the instructions of the learned judge who tried the case below.

Two witnesses may swear *differently*, and yet there be no necessary *conflict* in their testimony. A witness, technically "disinterested," may have and evince more feeling and bias, and a yielding thereto, than a "party." Could the jury, under this charge, regard such manifestations, or are these included in "other things being equal?" Does this last expression mean, "equal" intelligence; opportunities and means of knowing what they state; integrity, known moral character, appearance and demeanor upon the witness stand; corroboration, consistency with itself and other facts proved; accordance with natural and usual conduct, and many other matters which tend to command or repel confidence and credit in a witness?

IV. After the jury had retired to their room, and had been deliberating all night, they sent two questions in 5. INSTRUC- writing to the judge; first, if the contract by TIONS: re- Sullivan relinquishing the mare would prohibit give. Collins from replevying her? and, second, could Collins replevy the mare by paying the note, or was there any chance for Collins to get his pay again if he had paid the note off?

The court ordered the bailiffs to bring the jury into court, and there orally instructed them, in substance, that their questions had nothing to do with the case, and that it was their duty to determine the case under the evidence and instructions already given.

The defendant excepted, on the ground that this instruction was not in writing, as required by §§ 3057 and 3060

of the Revision. The action of the court was not in conflict with the statute. It was rather a refusal to instruct further; and such refusal need not necessarily be in writing. Nor was there any error in what the court said about the questions submitted. *Woodbury* v. *Obear*, 7 Gray, 467.

V. The law of the case may be briefly stated thus: 1. The note makes a *prima facie* case for plaintiff. 2. If it was

6. Promissory note: false representations.

given solely in consideration for the settlement of a claim by plaintiff upon defendant, which was wholly unfounded, such fact will defeat the action. 3. If the plaintiff obtained the note by falsely representing that the mare had been taken from him by a writ of replevin and judgment of a court, and the defendant gave the note in ignorance of the fact and relying upon the plaintiff's statements, the plaintiff cannot recover on it. *Stewart* v. *Ahrenfeldt*, 4 Denio, 189. 4. If the plaintiff gave up the mare, without a trial, under the direction, or with the consent, of the defendant, the defendant is liable.

For the reasons stated under the first point in this opinion, the judgment is

Reversed.