TUCKER v. RONK ET AL.

1. **Administrator:** PAYMENT TO HEIRS. The payment to the heirs of a debt due the estate of a decedent, and the possession of a receipt from them, does not discharge the debtor from liability to the administrator.

2. **Promissory Note:** CONSIDERATION: ILLEGAL CLAIM. The settlement of an illegal and unfounded claim, upon which no proceedings have been instituted, does not constitute a sufficient consideration for a note.

*Appeal from Mahaska District Court.*

WEDNESDAY, April 19.

ACTION in chancery to restrain defendants from transferring a negotiable promissory note now in their hands, and to enforce its delivery to plaintiff, in order that it may be canceled. The note was executed by plaintiff to defendant, Ronk, and the petition charges that it was given without consideration and obtained by fraudulent representations of the payee. There was a decree of the court granting the relief prayed for. Defendants appeal.

*F. M. Davenport*, for appellants.

*Seevers & Cutts*, for appellee.

BECK, J.—The defendant, Samuel Ronk, representing the heirs of Jacob Ronk, deceased, of whom he is one, made a claim against plaintiff for $1680, which he represented was on account of $800 received by plaintiff, as executor of the estate of defendant's ancestor. Interest upon that sum increased it to the amount first stated. After demand for payment, the claim was settled by plaintiff executing the note which was delivered to one Baker, to be held until defendant, Ronk, should present to him receipts from the heirs, discharging plaintiff from the claim made against him. These receipts were obtained and delivered to Baker, and, upon the failure to deliver the note, an action of replevin was brought against him by Samuel Ronk, and, upon his default therein, judgment was rendered for the note. It came into the hands of Davenport & Bolton, who are attorneys for Samuel Ronk.

In this action plaintiff claims that the note is without consideration, and its execution was procured by false and fraudulent representations, made by defendant, Ronk.

It is not disputed that the note was given in settlement of the claim made against plaintiff by the heirs of Jacob Ronk, based upon the charge that he had received $800 as executor of the estate, which he had never accounted for.

I. In our opinion, the evidence utterly fails to establish the receipt, by plaintiff, of the money which it is claimed he did not account for, but has appropriated to his own use.

The estate was settled in Cedar county, Missouri, where the decedent had died. The records of the proper probate court show that plaintiff accounted for all the property which was charged against him, excepting the amount of $33.40, and his successor is charged with the amount shown to have been in his hands. The small discrepancy is not explained, but it is not pretended to be the foundation of the claim against him. That claim is based on the charge that he received $800 in money, which he does not account for or report to the pro-

bate court. But the evidence utterly fails to establish the receipt of the money. A witness testifies to the fact that the deceased, two years before his death, did receive $400, and that he believes he had other money, that he spent nothing, &c., &c. But the fact that, at the time named, he had money, does not prove that plaintiff received it.· At the time of his death he had a family, certainly a wife, to whom he bequeathed $800. She, or other persons, may have received the money before or after his death, rightfully or otherwise. The evidence before us fails to raise a presumption that the money came into plaintiff's hands.

II. By the will of deceased, $800 was bequeathed to his wife. The evidence shows that the assets in the hands of the· executor were never sufficient to pay this bequest. There is no proof that it has ever been paid or discharged. Nor does it appear that the estate has been settled. If a valid claim existed against plaintiff, it would not be in favor of the heirs for whom defendant, Ronk, acted in procuring the note. A settlement with the heirs would not discharge him from liability to the executor of the estate.

1. ADMINIS-
TRATOR:
payment to
heirs.

It is, therefore, made to appear that the heirs have, by no possibility, a shadow of a claim against plaintiff, either in law or equity.

III.· The consideration of the note, it is insisted, is sufficient, inasmuch as it was given in the compromise and settlement of a claim against plaintiff. But the claim was wholly illegal and unfounded, and no suit was brought thereon which was the subject of a compromise. Its settlement, therefore, is not a sufficient consideration for the note. *Sullivan v. Collins*, 18 Iowa, 228, and authorities cited.

2. PROMIS-
SORY note:
considera-
tion: illegal
claim.

The decree of the court holding the note to be invalid, and requiring it to be surrendered to plaintiff, is correct, and must be

AFFIRMED.

SEEVERS, CH., J., having been of counsel in this case, took no part in its decision.