A. L. PETERSON, Appellee, v. SIGISMUND BREITAG *et ux*, Appellants.

**Torts:** DAMAGES: LIMITATION OF ACTIONS: REVIVAL BY NOTE AND MORT-GAGE GIVEN IN SETTLEMENT. An action for a tort, when barred by the statute of limitation, can not, like an action founded upon contract, be revived by a new promise. Accordingly where an action for damages because of criminal conversation was barred by the statute, *held*, that a note and mortgage given in settlement thereof were without consideration, and could not be enforced.

*Appeal from Crawford District Court.*—HON. GEORGE W. PAINE, Judge.

MONDAY, MAY 22, 1893.

THIS is an action in equity to foreclose a mortgage of one thousand dollars and interest. The mortgage is upon one hundred and twenty acres of land in Crawford county. The cause was submitted to the district court upon the pleadings and an agreed statement of facts, and there was a decree for the plaintiff. The defendants appeal.—*Reversed.*

*T. J. Garrison* and *P. E. C. Lally*, for appellants.

*Shaw & Kuehnle* and *J. P. Connor*, for appellee.

ROTHROCK, J.—I. The petition is in the usual form. The answer is to the effect that the consideration for the note and mortgage was founded upon certain acts of adultery committed by the defendant Sigismund Breitag with the plaintiff's wife in the year 1877. The note and mortgage were executed and delivered on the thirteenth day of December, 1889, and at that time all claim of the plaintiff for damages was barred by the statute of limitations, and said claim was not revived

by the execution of the note and mortgage. The agreed statement of facts is as follows:

"Come now the parties hereto, and stipulate and agree to try and submit the above entitled cause upon the following agreed statement of facts, together with the note and mortgage hereto attached, and, for the purpose of this trial, said facts and all of them, are admitted to be true: *First*. That heretofore, and during the year 1877, the plaintiff in this action was a married man, and resided in Crawford county, Iowa, together with his wife, Christina Peterson. *Second*. That during said year the defendant Sigismund Breitag became criminally intimate with the said Christina Peterson, the wife of the plaintiff, and with her repeatedly committed the crime of adultery. *Third*. That the plaintiff in this action did not know of said illicit intimacy and criminal conversation until afterwards, and during the year 1889. *Fourth*. That in December, 1889, the plaintiff in this action employed Shaw & Kuehnle, a firm of attorneys residing at Denison, Iowa, to prosecute a suit for damages against the defendant Sigismund Breitag unless a settlement could be effected without suit; that, in fact, no suit had ever been commenced against said defendant. *Fifth*. That in pursuance of said engagement, and as the attorney for said plaintiff, C. F. Kuehnle went to the residence of the defendant Sigismund Breitag on or about the thirteenth of December, 1889, explained the nature and extent of his employment, asserted a claim for damages on the part of plaintiff because of the wrongful and illicit acts hereinbefore referred to, and because of the criminal conversation aforesaid, and demanded a settlement; and that the note and mortgage in controversy were thereupon executed by the defendants herein in full settlement and satisfaction of the damages arising from and growing out of the criminal conversations and illicit intimacy aforesaid, and that there was no other or

further consideration for the giving and execution of said note and mortgage. *Sixth*. That defendant has been a resident of Crawford county, Iowa, from 1877 to and including 1889. *Seventh*. That no part of said note has been paid."

It will be observed that the cause of action accrued in the year 1877, and this action was commenced in the year 1890. It is conceded that the action is barred, if it were not for the note and mortgage. There is no claim made that the cause of action was taken out of the operation of the statute by reason of the plaintiff having no knowledge thereof, or by reason of its concealment. The claim of the defendant is that the note and mortgage were without consideration, because the cause of action for the criminal intimacy was fully barred by the statute of limitations long before the note and mortgage were executed. The plaintiff claims that this is not an action for the original tort, but is an action upon a contract founded upon the note, and that, although an action for the tort could not have been maintained, yet, because there was once a right of action, there was a moral consideration for the note and mortgage.

The statute of limitations upon which the question arises is as follows: "The following actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared: *First*. Actions founded on injuries to the person or reputation, whether based on contract or tort, or for a statute penalty, within two years." Code, section 2529. "Causes of action founded on contract are revived by an admission that the debt is unpaid, as well as by a new promise to pay the same. But such admission or new promise must be in writing, signed by the person to be charged thereby." Code, section 2539. The plain meaning of these provisions of the statute is that an action for a

tort cannot be revived by a new promise. Such an action is not within the exception contained in the last section above quoted. The rights governing the parties are controlled by section 2529. It is an absolute provision that no action shall be brought except within the time therein limited, and it has uniformly been held that no promise to pay will revive an action of tort after the action is barred by lapse of time. 2 Greenleaf on Evidence, 446; *Oothout v. Thompson*, 20 Johns. 277; *Goodwyn v. Goodwyn*, 16 Ga. 114; *Ott v. Whitworth*, 8 Humph. 494; 13 Am. & Eng. Encyclopedia of Law, 748; Angell on Limitations, 219.

As we understand counsel for the appellee, they do not dispute the correctness of the rule that an action of tort can not be revived by a promise to pay for the tort. We quote the following language from their argument filed in this court: "Instead of giving a note in settlement and liquidation of the claim of the plaintiff, if the appellant had simply given a writing, admitting his guilt, and promising therein to discharge the damages occasioned thereby, it would have compelled a suit upon the original tort, and this admission and promise would not remove the bar of the statute. This is the appellant's contention. This we concede." It appears to us that the above concession must be regarded as correct. It is in line with about all that is to be found in the authorities on the subject. It is true, as claimed by counsel for the appellee, that this is not an action for tort, but is founded upon a note and mortgage. But it must be conceded that it is always permissible for the defendant in such an action to show by pleading and proof what the consideration for the note and mortgage was. When this is done, the transaction is just the same as if the defendant had inserted in the note and mortgage an admission of guilt, and that the note and mortgage were given to pay the damages occasioned thereby. Any other holding would sacrifice the

substance of the transaction to the mere form. In whatever way the question is viewed, in connection with the pleadings and agreed statement of facts, there is no escape from the conclusion that the rights of the parties are the same as if the defendants had signed a writing acknowledging liability, and promising to pay for the wrong.

II. It is further stated that a claim for damages is a sufficient consideration to support a promissory note, and even though executed after the claim is barred. The argument in support of this proposition is founded upon the thought that the defendants would have been compelled, either by demurrer or answer, to raise the question of a statute of limitations, and that if they waived this right a recovery could be had on the tort, and that the giving of the note and mortgage operated as a waiver. This is, in effect, the same as the last proposition. When it is found that the note and mortgage are, in substance, an admission and promise to pay for an outlawed tort, there is no question of waiver in the case. As we have seen, the authorities are uniform that no action can be maintained upon a promise, the consideration of which is the original tort.

III. It is further claimed that the action can be maintained because the note and mortgage were given in settlement to avoid litigation. But we have found that the claim was unfounded, because it was barred by the statute of limitations. It is said in argument that the statute of limitations is a defense that must be specially pleaded, and that a party is under no legal or moral obligation to invoke it. The same may be said of any other defense. A defendant has the legal right to make default, and allow judgment to go against him, however unfounded the claim may be. It is well settled that there must be at least some appearance of a valid claim to support a settlement to avoid

litigation. In *Sullivan v. Collins*, 18 Iowa, 228, it is said: "A note given before a suit brought to settle an illegal or wholly unfounded claim has not sufficient consideration to support it, and can not be enforced at law. It is essential that the claim be maintainable at law or in equity, or at least that it be doubtful either in its right or amount." See, also, *Keefe v. Vogle*, 36 Iowa, 87; *Tucker v. Rank*, 43 Iowa, 80.

The decree of the district court is REVERSED.