FRANCIS M. WHITE, appellee, v. AGNES FLOOD and MARY FLOOD, appellants.

No. 51943.

(Reported in 138 N.W.2d 863)

December 14, 1965.

Stewart, Miller, Wimer, Brennan & Joyce and Thaddeus C. Jones, all of Des Moines, for appellants.

Herrick, Langdon, Sandblom & Belin and Philip C. Lovrien, all of Des Moines, for appellee.

Moore, J.—This is an action to recover the amount due under the following written instrument executed by plaintiff and defendants and filed on or about December 5, 1956, in the matter of the estate of Edward Flood, deceased, in the Dallas district court, Probate No. 9360.

"Stipulation And Agreement

"Whereas Francis M. White, together with Mary Flood and Agnes Flood, filed a petition for the probate of a will of Edward. Flood, dated July 19, 1952, and a first codicil thereto dated

February 18, 1953, and a second codicil thereto dated July 6, 1953, and

"WHEREAS Mary Flood and Agnes Flood were contestants of the Last Will and Testament of Edward Flood dated April 7, 1954, which matter has now been settled between the aforesaid contestants, and Margaret Flood, surviving spouse and beneficiary of the aforesaid Last Will and Testament dated April 7, 1954, and·

"WHEREAS Francis M. White, one of the proponents of the wills in which he signed for the probate thereof as above described, has agreed to dismiss, so far as he is concerned, the petition for the probate of said instruments above referred to and to bring no contest,

"IT IS THEREFORE MUTUALLY AGREED for a valuable consideration, by and between Mary Flood and Agnes Flood and the said Francis M. White, that in consideration of the payment to the said Francis M. White the One Thousand ($1,000.00) Dollars less $100.00 inheritance tax of which he was the beneficiary of the first codicil of the will above referred to, that the said Francis M. White agrees to accept the same and to file no contest or to bring any action to probate said will or the two codicils thereto, which will and codicils are dated as above stated and assigns any claim he has under said codicil to the said Mary Flood and Agnes Flood. The One Thousand ($1,000.00) Dollars to be paid herein to Francis M. White by Mary Flood and Agnes Flood, shall be paid without interest, within one year from the date of this contract, less the One Hundred ($100.00) Dollars Inheritance tax."

Defendants filed a motion for more specific statement and to produce documents. The trial court overruled the first but no ruling was ever made on the second. Defendants then answered alleging the agreement was without consideration. Defendants also counterclaimed seeking to recover under a lease executed by plaintiff with the administrator with will annexed of the estate of Edward Flood, deceased. Plaintiff's motion to dismiss the counterclaim was sustained. Defendants elected to stand on their pleading. After filing a reply, plaintiff filed an application for adjudication of law points regarding the defense of no consider-

ation and also a motion for summary judgment. The trial court sustained the latter and entered judgment against defendants. They appeal. We affirm.

Defendants assert the trial court erred in (1) overruling their motion for more specific statement, (2) failing to rule on the motion to produce documents, (3) dismissing their counter-claim and (4) entering summary judgment.

I. Defendants' motion for more specific statement asked that plaintiff be required to plead a copy of the assignment of his interest as beneficiary under the codicil of Edward Flood's will.

Rule 112, Rules of Civil Procedure, provides: "Motion for more specific statement. A party may move for a more specific statement of any matter not pleaded with sufficient definiteness to enable him to plead to it and for no other purpose. It shall point out the insufficiency claimed and particulars desired."

The last paragraph of the agreement sets out the only assignment claimed by plaintiff. It states plaintiff "assigns any claim he has under said codicil to the said Mary Flood and Agnes Flood". It was pleaded with sufficient definiteness to enable defendants to plead to it. We approve the trial court's ruling.

II. Defendants' motion for production of documents filed before the issues were joined asked that plaintiff be required to produce copies of the will of Edward Flood dated July 19, 1952, and the codicil thereto dated February 18, 1953. It contained no allegation they were in control of plaintiff.

Rule 129, Rules of Civil Procedure, provides:

"(a) After issue is joined in any action, any party may file an application for the production or inspection of any books or papers, not privileged, which are in the control of any other party, which are material to a just determination of the cause, for the purpose of having them inspected or copied or photo-stated. The application shall state with reasonable particularity the papers or books which are called for, and state wherein they are material to a just determination of the cause, and state that they are under the control of the party from whom production is requested. The movant need not use such documents as evidence at the trial.

"(b) The court shall fix the time and place for hearing on

the application, and prescribe the manner and form of giving notice to the party from whom production is asked, or to his attorney of record."

Defendants had some obligation to pursue this motion and obtain a ruling thereon. If they had done so it would have been the trial court's duty to deny it. It asked for copies and failed to state the documents were under plaintiff's control. The first paragraph of the agreement states they were offered for probate by the parties herein. Apparently these instruments were as available to defendants as to plaintiff. We find no merit in defendants' second assignment of error.

III. Defendants' counterclaim sought recovery for breach of a farm lease between George J. Dugan, administrator with will annexed of the estate of Edward Flood, deceased, as landlord and plaintiff as tenant. It was a cash or crop share lease for one year commencing March 1, 1957, for a 240-acre Boone County farm owned by Edward Flood at the time of his death. It provided rent was to be paid at landlord's office at Perry. It was made subject to court approval which was obtained.

Defendants alleged they as residuary beneficiaries inherited a half interest and had purchased the other half interest in the farm from the surviving spouse. They further alleged plaintiff at the end of the lease failed to remove 3300 bushels of corn and miscellaneous machinery from the farm and sought to recover five dollars per day as liquidated damages under its terms. The lease was made by reference a part of defendants' counterclaim. They alleged the administrator with will annexed entered into the lease for their use and benefit.

Plaintiff moved to dismiss the counterclaim on the grounds it showed defendants were not entitled to any relief, defendants were not parties to the lease, the lease was with the administrator, defendants' allegation the lease was for their use and benefit was a legal conclusion, defendants had failed to allege facts entitling them to enforce its terms and the counterclaim contained no allegation plaintiff had failed to yield possession of the farm at the end of term. Plaintiff pointed out the lease provided for five dollars per day liquidated damages for failure to so yield possession and control of the farm.

Defendants elected not to amend their counterclaim either before or after it was dismissed by the trial court.

A doubtful pleading is resolved against the pleader when attacked before issue or in the answer. Ruud v. Grimm, 252 Iowa 1266, 1270, 110 N.W.2d 321, 323; Hahn v. Ford Motor Co., 256 Iowa 27, 29, 126 N.W.2d 350, 352; Winneshiek Mutual Ins. Assn. v. Roach, 257 Iowa 354, 366, 132 N.W.2d 436, 444; Halvorson v. City of Decorah, 258 Iowa 314, 138 N.W.2d 856.

A pleader must plead the ultimate facts in the case. He is not permitted to plead conclusions by themselves. Pleaded conclusions may be considered only if based on pleaded facts. Eaton v. Downey, 254 Iowa 573, 578, 118 N.W.2d 583, 586; Winneshiek Mutual Ins. Assn. v. Roach, 257 Iowa 354, 367, 132 N.W.2d 436, 444. See also 71 C. J. S., Pleading, section 14; 41 Am. Jur., Pleading, section 16.

Plaintiff's motion to dismiss did not admit defendants' pleaded conclusion that the lease was made for their use and benefit. It admitted only the truth of well pleaded issuable and relevant facts. Hahn v. Ford Motor Co., 256 Iowa 27, 29, 126 N.W.2d 350, 352, and citations; Harvey v. Iowa State Highway Commission, 256 Iowa 1229, 1231, 130 N.W.2d 725, 726. The court approved lease contains no indication it was made for defendants' benefit. Defendants did not plead such facts.

That as owners defendants might incidentally benefit by the lease between the administrator and plaintiff is not determinative of their claimed right to sue for breach of the lease. They could do so only if it was made for their express benefit. The intent to benefit them must clearly appear from the language of the lease. Olney v. Hutt, 251 Iowa 1379, 1383, 1384, 1385, 105 N.W.2d 515, 518, 519, and citations. See also 17A C. J. S., Contracts, section 519(4)c; 17 Am. Jur.2d, Contracts, sections 305, 307.

Davis v. The Clinton Water Works Co., 54 Iowa 59, 61, 6 N.W. 126, 127, 37 Am. Rep. 185, states: "If mere strangers may enforce the contract by actions, on the ground of benefits flowing therefrom to them, there would be no certain limit to the number and character of actions which would be brought thereon."

We affirm dismissal of defendants' counterclaim.

408

IV. Plaintiff's motion for summary judgment and affidavit stated facts supporting his claim and asserted defendants had no defense thereto. Defendants' resistance and affidavit did not state ultimate facts but was confined to their assertion the instrument sued on was without consideration.

Defendants contended before the trial court, as they do here, that the second will in which plaintiff was not named expressly revoked the first will and the codicils thereto and therefore plaintiff had no interest in the estate. They argue plaintiff had no valid claim and nothing to assign and therefore the compromise agreement was without consideration. Their position is untenable.

Defendants refer to Code section 633.10 which provides wills may be revoked in whole or in part by being cancelled or destroyed by action or direction of the testator with intention of so revoking or by the execution of a subsequent will and rely strongly on Blackett v. Ziegler, 153 Iowa 344, 133 N.W. 901, 37 L. R. A., N. S., 291, Ann. Cas. 1913E 115, and In re Estate of Farley, 237 Iowa 1069, 24 N.W.2d 453. In Blackett the testatrix executed a will in 1904 which included a revocation of her 1895 will. She later burned her 1904 will. We held whether she intended to revive the first will when she destroyed the second was a fact question. In Farley the testator destroyed a 1944 will which revoked his 1929 will. We held the question of whether the 1929 will was revived was for the jury. The question of validity of the second will in these cases was not an issue. They are not applicable here as the validity of the second will of Edward Flood was under attack when plaintiff and defendants executed their agreement.

Proof that the 1952 will and the codicils thereto was the last will of Edward Flood would require proof the 1954 will was a nullity. If so established the 1954 will would not affect the prior will even though it purported to revoke the will of 1952. Kostelecky v. Scherhart, 99 Iowa 120, 68 N.W. 591; In re Will of Crissick, 174 Iowa 397, 156 N.W. 415.

The question of whether the 1952 will had been revoked is important here only as bearing on the question of whether a good faith dispute existed at the time the compromise agreement was executed.

The rule is well established that compromise of a doubtful right asserted in good faith is sufficient consideration for a promise. Adams v. Morton, 37 Iowa 255, 257; The Richardson & Boynton Co. v. The Independent District of Hampton, 70 Iowa 573, 576, 577, 31 N.W. 871, 872; Brown v. Jennett, 130 Iowa 311, 313, 106 N.W. 747, 5 L. R. A., N. S., 725; Partello v. White, 197 Iowa 24, 32, 196 N.W. 719, and citations; Messer v. Washington Natl. Ins. Co., 233 Iowa 1372, 1380, 11 N.W.2d 727, 731, and citations; Bakke v. Bakke, 242 Iowa 612, 618, 619, 47 N.W. 2d 813, 817, and citations. See also 15 Am. Jur.2d, Compromise and Settlement, section 10; 15 C. J. S., Compromise and Settlement, section 11.

It is not material on which side the right is ultimately found to be. To require proof of a valid existing claim would defeat the very object of compromise, a thing favored by the law. Partello v. White, 197 Iowa 24, 33, 34, 196 N.W. 719, and citations; Messer v. Washington Natl. Ins. Co., supra. See also 15 Am. Jur.2d, Compromise and Settlement, sections 4, 13.

The agreement sued on recites facts showing valid consideration. Plaintiff was in good faith asserting rights which were compromised and settled to defendants' advantage.

The trial court's entry of summary judgment is approved.— Affirmed.

All JUSTICES concur.