Paul E. HAGENSON, Appellee,

v.

UNITED TELEPHONE COMPANY OF IOWA, Appellant.

No. 53286.

Supreme Court of Iowa.

Feb. 11, 1969.

Korf, Diehl, Clayton & Cleverley, Newton, for appellant.

Shaff & Farwell, Clinton, for appellee.

RAWLINGS, Justice.

Plaintiff brought action against defendant telephone company seeking damages for willful trespass, and injunctive relief. From trial court's adverse ruling on defendant's motions to dismiss, and for more specific statement, it takes permitted interlocutory appeal. We affirm in part, reverse in part.

By his petition plaintiff alleged ownership of certain described real estate; that defendant willfully trespassed and installed underground cables on his land, and an easement use roadway leading thereto; and he was resultantly damaged.

Trial court sustained defendant's motion to strike plaintiff's allegations relative to any injunctive remedy from which he neither appeals nor cross-appeals. This means no issue is here presented in that regard.

The pleading and motions here concerned will later be dealt with more in detail.

I. Defendant first asserts its motion to dismiss should have been sustained and trial court erred in holding to the contrary.

At the outset this necessitates some reference to relevant rules of pleading.

■ A timely motion to dismiss should be sustained where the challenged pleading fails to state a claim on which *any* relief asked can be allowed.

■ Grounds of a motion to dismiss a pleading because it does not state a cause of action must be based on the contents of the pleading assailed. Facts not so appearing, except those of which judicial notice must be taken, are to be ignored. And it is essential such a motion specify wherein the pleading attacked is claimed to be insufficient.

■ While a motion to dismiss admits the truth of all well pleaded, issuable and relevant facts, it does not admit mere conclusions of fact or law not supported by allegations of ultimate facts. This means a pleader must allege ultimate facts. He cannot plead legal conclusions alone. A good pleading consists of statements of ultimate facts and when so stated the pleader has a right to state conclusions based upon those facts.

■ The prayer of a petition must always be examined to determine what constitutes the subject matter of litigation for judicial purposes, and generally the relief to be afforded is accordingly limited.

■ Where a doubtful pleading is directly attacked by motion before issue is joined or in the answer as permitted by rule 72, Rules of Civil Procedure, it will be resolved against the pleader. If, however, the petition does allege ultimate facts upon which plaintiff might recover and states a claim under which evidence may be introduced in support thereof, or if attack is delayed, the petition should be construed in the light most favorable to the plaintiff with doubts resolved in his favor and the allegations accepted as true.

In support of the foregoing see Gradischnig v. Polk County Board of Supervisors, Iowa, 164 N.W.2d 104, opinion filed January 14, 1969; Gardner v. City of Charles City, 259 Iowa 506, 508, 144 N.W.2d 915; and Halvorson v. City of Decorah, 258 Iowa 314, 319, 138 N.W.2d 856. See also True v. Larimore, 255 Iowa 451, 456–

457, 123 N.W.2d 5, and Anthes v. Anthes, 255 Iowa 497, 503–505, 122 N.W.2d 255.

II. Repetition of all allegations contained in the subject pleading and motion to dismiss is unnecessary.

In brief the petition charges defendant willfully, illegally and unlawfully trespassed on plaintiff's property; installed cables thereon, and upon a roadway leading thereto; that defendant has refused to remove same; and plaintiff has been resultantly damaged.

The motion to dismiss asserts, in material part, Code chapter 488, relative to eminent domain, provides an exclusive procedure for assessment of damages and, under the circumstances here involved, an action for trespass is not cognizable in this state. In substance defendant takes the position plaintiff's only remedy is to compel institution of condemnation proceedings.

Defendant's right to *lawfully* place its cables on property owned by, or in which plaintiff holds a legally recognized interest, is not here questioned. See in that regard Code sections 488.1, 488.4 and chapter 472; Elk Run Telephone Co. v. General Telephone Co., Iowa, 160 N.W.2d 311, 314–315; Browneller v. Natural Gas Pipeline Co., 233 Iowa 686, 697, 8 N.W.2d 474; State ex rel. Fletcher v. Northwestern Bell Tele. Co., 214 Iowa 1100, 1109, 240 N.W. 252; 29A C.J.S. Eminent Domain section 23, page 224, section 44, page 283; 26 Am.Jur. 2d, Eminent Domain section 20, page 663, section 58, page 714. See also Harrison-Pottawattamie Drainage Dist. No. 1 v. State, Iowa, 156 N.W.2d 835, 838; Batcheller v. Iowa State Highway Comm., 251 Iowa 364, 368–371, 101 N.W.2d 30; and Liddick v. City of Council Bluffs, 232 Iowa 197, 214–238, 5 N.W.2d 361.

It is, of course, understood private property may not be taken by defendant utility without payment of just compensation. Article 1, section 18, Constitution of Iowa, and Code section 488.3.

There can be no doubt as to plaintiff's right, by mandamus, to compel proceedings in eminent domain where, as here, it appears there is an asserted taking of private property for public use without just compensation. Harrison-Pottawattamie Drainage Dist. No. 1 v. State, supra, loc. cit., 156 N.W.2d 838.

III. The issue now to be resolved is whether that is the sole avenue of relief available to plaintiff. More specifically, may he maintain an action in trespass?

As aforesaid plaintiff alleges defendant utility willfully, and unlawfully entered upon and made use of property owned by him or in which he holds a legal right. This must inferentially mean defendant entered upon the land here concerned absent permission to so do, or without having pursued the condemnation procedures prescribed by law. See in this regard Division I, supra.

An examination of Code sections 488.1, 488.3, 488.4 and chapters 471 and 472, relative to taking of private property for public use by condemnation, fails to disclose the procedure there provided for determination of damages is exclusive. See 30 C.J.S. Eminent Domain section 395, pages 468–470, and 1 Am.Jur.2d, Actions, sections 73–77, pages 601–607.

If the legislature had intended the method of assessing damages for taking of private property for public use be solely by eminent domain, it could easily have so declared. See Wendelin v. Russell, 259 Iowa 1152, 1159, 147 N.W.2d 188, and Bergeson v. Pesch, 254 Iowa 223, 227, 117 N.W.2d 431. See also Rule 344(f) (13), Rules of Civil Procedure.

It must reasonably follow that where as in the case at bar, a public utility is invested by law with the power to exercise right of eminent domain, it is not thereby clothed with an immunity not possessed by others who trespass upon the property or rights of private citizens, and

must answer for its wrongs the same as any other trespasser. As previously indicated Code sections 488.3 and 488.4 give to defendant corporation the right to acquire property or rights in property of private citizens by instituting condemnation proceedings in accord with a prescribed formula. However, when a public utility, ignoring applicable statutes and the constitution, enters upon and appropriates the land or rights in property of a private citizen, absent an agreement with the owner to so do, or without acting to secure a determination of damages as by law provided, it may be held accountable for willful trespass, regardless of its motive, need or purpose for so doing.

In such case the aggrieved property owner may maintain a common law action for damages. Also he may, in a proper case, have both actual and punitive damages. On the other hand, as aforesaid, he can elect to waive the tort and by mandamus compel the taker to institute proceedings in eminent domain. In support hereof see Beetschen v. Shell Pipe Line Corp., Mo. App., 248 S.W.2d 66, 70–72, affirmed, 363 Mo. 751, 253 S.W.2d 785, 786–788; Cochran Coal Company v. Municipal Management Co., 380 Pa. 397, 110 A.2d 345, 346–347; 30 C.J.S. Eminent Domain section 394, page 465, section 400, page 480; 87 C.J.S. Trespass section 13, page 965, also sections 105–113, pages 1061–1071; 28 C.J.S. Easements section 114, page 821; 27 Am.Jur.2d, Eminent Domain section 478, page 408, section 483, page 422; and 25 Am.Jur.2d, Easements and Licenses, section 122, page 524.

 Upon the basis of the foregoing trial court's order overruling defendant's motion to dismiss must be and is affirmed.

IV. Defendant's motion for more specific statement seeks, for the most part, information obtainable by discovery and to that extent was properly overruled. See rules 121–134, 135–139, Rules of Civil Procedure.

However, by paragraph 5, of that motion defendant asks, among other things, plaintiff be required to state the description of the roadway over which he claims right of easement, and "under what claim or grant such easement came into existence."

As heretofore disclosed trial court's denial of this request is here challenged by appellant.

Rule 112, R.C.P. provides: "A party may move for a more specific statement of any matter not pleaded with sufficient definiteness to enable him to plead to it and for no other purpose. It shall point out the insufficiency claimed and particulars desired."

With reference to this rule we said in Erickson v. Erickson, Iowa, 154 N.W.2d 106, 108: "Cook's Iowa Rules of Civil Procedure, Revised Edition, Vol. 1, pp. 728–729, quotes this Comment of our Advisory Committee and the author under rule 112:

" 'Supersedes Code 1939, §§ 11127, 11128. This motion will no longer lie to obtain evidence or information necessary to prepare for trial as distinct from preparation to plead. Discovery should be pursued under Rules 135–139, 121–134.

" 'By rephrasing the Code sections it is hoped to avoid the indiscriminate practice of moving for, and ordering, amendments not actually needed but which cause delay and expense. Rule 112 above was also adopted to correct a peculiarly needless abuse of the former practice.

" 'Author's Comment

" 'The purpose of this Rule sufficiently appears from the foregoing Comment of the Advisory Committee. It is new. The former decisions and court practice should not apply to such motions now.'

"See also White v. Flood, 258 Iowa 402, 404–405, 138 N.W.2d 863, 865."

But in the case at bar defendant contends the information sought as aforesaid is necessary in order that it may respon-

sively plead and in so doing protect its rights and interests.

Referring again to plaintiff's petition we find a description of land claimed to be owned by him. There follows a general allegation to the effect defendant installed cables in the middle of a roadway used by plaintiff for ingress and egress to and from his property over which he "has right of easement."

This statement alone serves to place defendant in a dubious position with regard to any responsive and appropriate motion or pleading.

 Plaintiff's allegation to the effect he has a right by easement to use the roadway is an averment of ultimate fact, not a conclusion of law, and is a sufficient statement of title to be established. See 28 C.J.S. Easements section 110a(2), page 804, and 25 Am.Jur.2d, Easements and Licenses, section 117, page 519.

Furthermore, the means or method by which plaintiff acquired the alleged easement is readily ascertainable by discovery.

On the other hand, as stated in 87 C.J.S. Trespass section 75, page 1021: "The property involved in an action of trespass whether real or personal must be described with reasonable certainty. The general rule of pleading is that, unless a statute or rule of court requires a special description, this requirement is fulfilled by any description which is sufficiently certain to identify the property, and enable defendant properly to plead to the action.

"In the absence of statute requiring it, the complaint need not contain a particular description, and that description by metes and bounds is not necessary, although not improper. However, a description is bad which is uncertain, erroneous, or misleading." See also 28 C.J.S. Easements section 110a(3), page 806, and 25 Am.Jur.2d, Easements and Licenses, section 117, page 519.

Although plaintiff's petition is not fatally defective for failure to reasonably describe the roadway it is, in that regard, subject to a motion for more specific statement. Trial court erred in holding to the contrary. On that issue alone we reverse.

Affirmed in part, reversed in part, and remanded for further proceedings.

All Justices concur, except LeGRAND, J., who takes no part.