**Dale Warren DYER, Appellant,**

v.

**NATIONAL BY–PRODUCTS, INC., Appellee.**

No. 85–643.

Supreme Court of Iowa.

Jan. 15, 1986.

Bernard L. Spaeth, Jr., Jaki K. Samuelson, and John D. Cleavenger of Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellant.

Brent B. Green and James L. Pray of Gamble, Riepe, Webster, Davis & Green, Des Moines, for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, McGIVERIN, and SCHULTZ, JJ.

SCHULTZ, Justice.

The determinative issue in this appeal is whether good faith forbearance to litigate a claim, which proves to be invalid and unfounded, is sufficient consideration to uphold a contract of settlement. The dis-

trict court determined, as a matter of law, that consideration for the alleged settlement was lacking because the forborne claim was not a viable cause of action. We reverse and remand.

On October 29, 1981, Dale Dyer, an employee of National By-Products, lost his right foot in a job-related accident. Thereafter, the employer placed Dyer on a leave of absence at full pay from the date of his injury until August 16, 1982. At that time he returned to work as a foreman, the job he held prior to his injury. On March 11, 1983, the employer indefinitely laid off Dyer.

Dyer then filed the present lawsuit against his employer claiming that his discharge was a breach of an oral contract. He alleged that he in good faith believed that he had a valid claim against his employer for his personal injury. Further, Dyer claimed that his forbearance from litigating his claim was made in exchange for a promise from his employer that he would have lifetime employment. The employer specifically denied that it had offered a lifetime job to Dyer after his injury.

Following extensive discovery procedures, the employer filed a motion for summary judgment claiming there was no genuine factual issue and that it was entitled to judgment as a matter of law. The motion was resisted by Dyer. The district court sustained the employer's motion on the basis that: (1) no reciprocal promise to work for the employer for life was present, and (2) there was no forbearance of any viable cause of action, apparently on the ground that workers' compensation provided Dyer's sole remedy.

On appeal, Dyer claims that consideration for the alleged contract of lifetime employment was his forbearance from pursuing an action against his employer. Accordingly, he restricts his claim of error to the second reason advanced by the district court for granting summary judgment. Summary judgment is only proper when there is no genuine issue of any material fact. Iowa R.Civ.P. 237(c). Dyer generally contends that an unresolved issue of material fact remains as to whether he reasonably and in good faith forbore from asserting a claim against his employer and his coemployees in exchange for the employer's alleged promise to employ him for life. Specifically, he asserts that the trial court erred because: (1) the court did not consider the reasonableness and good faith of his belief in the validity of the claim he forbore from asserting, and (2) the court considered the legal merits of the claim itself which Dyer forbore from asserting.

The employer, on the other hand, maintains that workers' compensation [1] benefits are Dyer's sole remedy for his injury and that his claim for damages is unfounded. It then urges that forbearance from asserting an unfounded claim cannot serve as consideration for a contract. For the purpose of this discussion, we shall assume that Dyer's tort action is clearly invalid and he had no basis for a tort suit against either his employer or his fellow employees. We recognize that the fact issue, as to whether Dyer in good faith believed that he had a cause of action based in tort against the employer, remains unresolved. The determinative issue before the district court and now on appeal is whether the lack of consideration for the alleged promise of lifetime employment has been established as a matter of law.

Preliminarily, we observe that the law favors the adjustment and settlement of controversies without resorting to court action. *Olson v. Wilson & Co.*, 244 Iowa 895, 899, 58 N.W.2d 381, 384 (1953). Compromise is favored by law. *White v. Flood,*

---

1. It is undisputed that the employee was covered under workers' compensation. The Iowa workers' compensation act states in pertinent part that:
   > The rights and remedies provided in this chapter ... for an employee on account of injury ... for which benefits under this chapter ... are recoverable, *shall be the exclusive and only rights and remedies of such employee ...* at common law or otherwise, on account of such injury ... against:
   >  (1) his or her employer....

   Iowa Code § 85.20 (1983) (emphasis added).

258 Iowa 402, 409, 138 N.W.2d 863, 867 (1965). Compromise of a doubtful right asserted in good faith is sufficient consideration for a promise. *Id.*

The more difficult problem is whether the settlement of an unfounded claim asserted in good faith is consideration for a contract of settlement. Professor Corbin presents a view favorable to Dyer's argument when he states:

[F]orbearance to press a claim, or a promise of such forbearance, may be a sufficient consideration even though the claim is wholly ill-founded. It may be ill-founded because the facts are not what he supposes them to be, or because the existing facts do not have the legal operation that he supposes them to have. In either case, his forbearance may be a sufficient consideration, although under certain circumstances it is not. The fact that the claim is ill-founded is not in itself enough to prevent forbearance from being a sufficient consideration for a promise.

1 *Corbin on Contracts* § 140, at 595 (1963). Further, in the same section, it is noted that:

The most generally prevailing, and probably the most satisfactory view is that *forbearance is sufficient if there is any reasonable ground for the claimant's belief that it is just to try to enforce his claim. He must be asserting his claim "in good faith"*; but this does not mean he must believe that his suit can be won. It means that he must not be making his claim or threatening suit for purposes of vexation, or in order to realize on its "nuisance value."

*Id.* § 140, at 602 (emphasis added). Indeed, we find support for the Corbin view in language contained in our cases. *See White v. Flood,* 258 Iowa at 409, 138 N.W.2d at 867 ("[C]ompromise of a doubtful right asserted in good faith is sufficient consideration for a promise."); *In re Estate of Dayton,* 246 Iowa 1209, 1216, 71 N.W.2d 429, 433 (1955) ("The good faith assertion of an unfounded claim furnishes ample consideration for a settlement."); *Messer v. Washington National Insurance Co.,* 233 Iowa 1372, 1380, 11 N.W.2d 727, 731 (1943) ("[I]f the parties act in good faith, even when they know all the facts and there is promise without legal liability on which to base it, the courts hesitate to disturb the agreements of the parties. . . ."); *Lockie v. Baker,* 206 Iowa 21, 24, 218 N.W. 483, 484 (1928) (Claim settled, though perhaps not valid, must have been presented and demanded in good faith.); *First National Bank v. Browne,* 199 Iowa 981, 984, 203 N.W. 277, 278 (1925) (Settlement of a disputed or doubtful claim in good faith is sufficient consideration for a compromise, even though judicial investigation might show claim to be unfounded.).

The Restatement (Second) of Contracts section 74 (1979), supports the Corbin view and states:

Settlement of Claims

(1) Forbearance to assert or the surrender of a claim or defense which proves to be invalid is not consideration unless

(a) the claim or defense is in fact doubtful because of uncertainty as to the facts or the law, or

(b) *the forbearing or surrendering party believes that the claim or defense may be fairly determined to be valid.*

. . . .

Comment:

. . . .

*b. Requirement of good faith.* The policy favoring compromise of disputed claims is clearest, perhaps, where a claim is surrendered at a time when it is uncertain whether it is valid or not. Even though the invalidity later becomes clear, *the bargain is to be judged as it appeared to the parties at the time*; if the claim was then doubtful, no inquiry is necessary as to their good faith. Even though the invalidity should have been clear at the time, the settlement of an honest dispute is upheld. But a mere assertion or denial of liability does not make a claim doubtful, and *the fact that invalidity is obvious may indicate that it was known.* In such cases Subsection (1)(b) requires a showing of *good faith.* (Emphasis added.) *See also* 15 Am.Jur.2d *Compromise and Settlement* § 16, at 787

(1976); 15A C.J.S. *Compromise and Settlement* § 11(b), at 206 (1967), quoted in *Messer v. Washington National Insurance Co.*, 233 Iowa at 1380, 11 N.W.2d at 731.

However, not all jurisdictions adhere to this view. Some courts require that the claim forborne must have some merit in fact or at law before it can provide consideration and these jurisdictions reject those claims that are obviously invalid. *See Bullard v. Curry-Cloonan*, 367 A.2d 127, 131 (D.C.App.1976) ("[A]s a general principle, the forbearance of a cause of action advanced in good faith, which is neither absurd in fact nor obviously unfounded in law, constitutes good and valuable consideration."); *Frasier v. Carter*, 92 Idaho 79, 437 P.2d 32, 34 (1968) (The forbearance of a claim which is not utterly groundless is sufficient consideration to support a contract.); *Charles v. Hill* 260 N.W.2d 571, 575 (Minn.1977) ("[A] wholly baseless or utterly unfounded claim is not consideration for a contract."); *Agristor Credit Corporation v. Unruh*, 571 P.2d 1220, 1224 (Okla.1977) (In order to constitute consideration for a contract, "claim forborne must be reasonably doubtful in law or fact."); *see generally* 15A C.J.S. *Compromise and Settlement* § 10, at 201 (There are many decisions holding that a claim which is entirely baseless does not afford consideration for a compromise.).

In fact, we find language in our own case law that supports the view which is favorable to the employer in this case. *See Vande Stouwe v. Bankers' Life Co.*, 218 Iowa 1182, 1190, 254 N.W. 790, 794 (1934) ("A claim that is entirely baseless and without foundation in law or equity will not support a compromise."); *Peterson v. Breitag*, 88 Iowa 418, 422–23, 55 N.W. 86, 88 (1893) ("It is well settled that there must at least be some appearance of a valid claim to support a settlement to avoid litigation."); *Tucker v. Ronk*, 43 Iowa 80, 82 (1876) (The settlement of an illegal and unfounded claim, upon which no proceedings have been instituted, is without consideration.); *Sullivan v. Collins*, 18 Iowa 228, 229 (1869) (A compromise of a claim is not a sufficient consideration to sustain a note, when such claim is not sustainable in law or in equity, or, at least doubtful in some respect.). Additionally, Professor Williston notes that:

> While there is a great divergence of opinion respecting the kind of forbearance which will constitute consideration, the *weight of authority holds that although forbearance from suit on a clearly invalid claim is insufficient consideration for a promise,* forbearance from suit on a claim of doubtful validity is sufficient consideration for a promise if there is a sincere belief in the validity of the claim.

1 *Williston on Contracts* § 135, at 581 (3rd ed. 1957) (emphasis added).

We believe, however, that the better reasoned approach is that expressed in the Restatement (Second) of Contracts section 74. Even the above statement from *Williston*, although it may have been the state of the law in 1957, is a questionable assessment of the current law. In fact, most of the cases cited in the cumulative supplement to *Williston* follow the "good faith and reasonable" language. 1 *Williston on Contracts* § 135B (3rd ed. 1957 & Supp. 1985). Additionally, Restatement (Second) of Contracts section 74 is cited in that supplement. *Id.* As noted before, as a matter of policy the law favors compromise and such policy would be defeated if a party could second guess his settlement and litigate the validity of the compromise. The requirement that the forbearing party assert the claim in good faith sufficiently protects the policy of law that favors the settlement of controversies. Our holdings which are to the contrary to this view are overruled.

▮▮▮ In the present case, the invalidity of Dyer's claim against the employer does not foreclose him, as a matter of law, from asserting that his forbearance was consideration for the alleged contract of settlement. However, the issue of Dyer's good faith must still be examined. In so doing, the issue of the validity of Dyer's claim should not be entirely overlooked:

> Although the courts will not inquire into the validity of a claim which was

compromised in good faith, there must generally be reasonable grounds for a belief in order for the court to be convinced that the belief was honestly entertained by the person who asserted it. Sufficient consideration requires more than the bald ascertion by a claimant who has a claim, and to the extent that the validity or invalidity of a claim has a bearing upon whether there were reasonable grounds for believing in its possible validity, evidence of the validity or invalidity of a claim may be relevant to the issue of good faith.

15A Am.Jur.2d *Compromise and Settlement* § 17, at 790. We conclude that the evidence of the invalidity of the claim is relevant to show a lack of honest belief in the validity of the claim asserted or forborne.

■ Under the present state of the record, there remains a material fact as to whether Dyer's forbearance to assert his claim was in good faith. Summary judgment should not have been rendered against him. Accordingly, the case is reversed and remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.