CHAMBERLIN v. COBB.

| 32 | 161 |
| 96 | 194 |
| 32 | 161 |
| 127 | 111 |

Bailment: LOAN OF PROPERTY. Where the plaintiff, having a horse for which he had no use, to avoid the expense of keeping, requested the defendant to take it and do his work with it in consideration of its feed and keeping, it was *held*, that this was not a mere *commodatum* or gratuitous loan, under which the defendant would be required to exercise extraordinary care, but a contract for the mutual benefit of both parties, under which the defendant was required to exercise only ordinary care in the keeping and care of the animal.

*Appeal from Monroe District Court.*

THURSDAY, JULY 27.

THE petition claims $200, as the value of a mare loaned by petitioner to defendant, without hire, and killed by negligence of defendant. The defendant denies negligence, and alleges that he received the mare at the special instance and request of plaintiff, under an agreement that he should keep, use and work her in the same manner as he would one of his own horses. Verdict and judgment for defendant. Plaintiff appeals. The necessary facts are stated in the opinion.

*Yocum & Robb* for the appellant.

*Perry & Townsend* for the appellee.

DAY, Ch. J. — Upon the trial the court instructed the jury as follows: "If you find that in the fall of 1867 the plaintiff was the owner of the mare in question, and find that the plaintiff had no use for said mare during the then following winter; and find that the plaintiff, to avoid the expense of keeping said mare during said winter, requested the defendant to take the said mare and do his

work with her, in consideration that the defendant would feed and take care of said mare during the winter, when he was not using her; and find that the defendant accepted the proposition and took her on such terms, such a contract would not constitute a gratuitous loan, but would be for the mutual benefit of both parties." The giving of this instruction the plaintiff assigns as error. The instruction is material, as, in the case of a merely gratuitous loan, a much higher degree of care in the use of the property is necessary than where the transaction is for the mutual benefit of the parties thereto. In the latter case *ordinary*, in the former *extraordinary*, care is required. A merely gratuitous loan is one which is solely for the benefit of the borrower, and it is for that reason that the law exacts of him so high a degree of care, rendering him liable for injuries resulting from slight negligence. Edwards on Bailments, page 138. Where the owner of an article of property is anxious to avoid the expense and trouble of caring for it, at a season of the year when its use is not more than equivalent to the expense of keeping, and at his solicitation another agrees to keep it for its use, the lender is as much accommodated by the transaction as the borrower, and the benefit is mutual. The rule which, under such circumstances, would hold a party to the strict degree of care required in the case of a *commodatum* would be severe and unjust.

In our opinion the instruction contains a correct exposition of the law.

II. It is further claimed that the verdict of the jury is not sustained by the evidence. There is testimony from which the jury might well have found the existence of the facts supposed in the above instruction. Hence the verdict is not unsupported by the evidence.

Affirmed.