HAROLD J. MEESTER, appellant, v. DONALD L. ROOSE, appellee.

No. 52151.

358

July 14, 1966.

Don Kliebenstein, of Grundy Center, and Lundy, Butler, Wilson & Hall, of Eldora, for appellant.

Newman, Redfern, McKinley & Sabbath, of Cedar Falls, for appellee.

RAWLINGS, J.—Plaintiff commenced an action for recovery of damages resulting from being attacked by a bull belonging to defendant.

The trial court sustained defendant's motion to dismiss and plaintiff appeals.

By his petition plaintiff alleged defendant's bull was placed on plaintiff's farm in the fall of 1960 to run with his cattle for the purpose of proving, testing or trying the animal; that the bull was mean and vicious, and in September 1962 attacked

plaintiff causing him bodily injuries. He asserted breach of implied warranty that the bull was suitable for said purposes and was not of a mean or vicious disposition and dangerous.

■■ I. While a motion to dismiss admits the truth of all well pleaded issuable and relevant facts, it does not admit mere conclusions of fact or law not supported by allegations of ultimate fact. Also, doubtful pleadings when challenged by such a motion will be resolved against the pleader. White v. Flood, 258 Iowa 402, 407, 138 N.W.2d 863, 866; Halvorson v. City of Decorah, 258 Iowa 314, 319, 138 N.W.2d 856, 860; Harvey v. Iowa State Highway Comm., 256 Iowa 1229, 1230, 130 N.W.2d 725; and Hahn v. Ford Motor Co., 256 Iowa 27, 29, 126 N.W.2d 350.

■ II. The mere fact plaintiff was injured by an animal belonging to defendant does not of itself create a good and sufficient cause of action. There must first be a legal right in plaintiff, a corresponding duty on the part of defendant, and an attendant breach of that duty with consequential harm to plaintiff. Blakeley v. Estate of Shortal, 236 Iowa 787, 790, 791, 20 N.W.2d 28; 1 C. J. S., Actions, section 8b, page 988; and 1 Am. Jur.2d, Actions, section 58, page 589.

■ III. Of course, warranties, express or implied, may attend bailments as well as sales. See Morris Plan Leasing Co. v. Bingham Feed and Grain Co., 259 Iowa 404, 143 N.W.2d 404; 8 Am. Jur.2d, Bailments, section 144, page 1039; and annotations, 68 A. L. R.2d 850.

■ IV. We are persuaded the case now before us involves a bailment for mutual benefit which, in effect, makes it one for hire. Davis v. Sanderman, 225 Iowa 1001, 1005–1007, 282 N.W. 717; Chamberlin v. Cobb, 32 Iowa 161, 162; 8 C. J. S., Bailments, section 8a, page 349; and 8 Am. Jur.2d, Bailments, sections 6, page 911, and 10, page 914.

V. Under such circumstances there is ordinarily imposed on the bailor an obligation, similar to the implied warranty of fitness in the sale of personalty, that the thing is reasonably suitable for the use known to be intended.

■ *The warranty implied arises by operation of law and must be applied in a reasonable sense.* This means each case

360

varies with the type of chattel bailed and the ordinary uses to which it may be put. It does not mean, however, that the subject of bailment be suitable for usage in all respects.

Furthermore, the warranty of fitness which arises on delivery of a chattel does not make the bailor a warrantor against subsequent defective conditions arising from causes other than its condition at time of the bailment.

In support of the foregoing see 8 C. J. S., Bailments, section 25, page 380; 77 C. J. S., Sales, section 314, page 1155; 8 Am. Jur.2d, Bailments, section 144, page 1039; 4 Am. Jur.2d, Animals, section 68, page 315; 46 Am. Jur., Sales, section 332, page 513; and Williston on Sales, Revised Edition, section 235, page 604.

█ VI. In the case now before us the subject animal was placed with plaintiff, not for breeding purposes, but rather as an experiment to determine its fitness or suitability for that very purpose. So there could not be, and in fact plaintiff does not assert, breach of implied warranty of fitness as a sire. See Stiefel Feed Co. v. Aerovent Fan Co., 148 F. Supp. 894.

█ Rather plaintiff here claims a breach of implied warranty the bull was kind, gentle, docile, tame and friendly.

We are satisfied this stretches the theory of implied warranty a bit too far.

In the first place plaintiff neither alleges nor infers by his petition the bull was vicious, mean and unmanageable at time of bailment.

█ Next, and even more important, the law will not lend itself to the creation of an implied warranty which patently runs counter to the experience of mankind or known forces of nature. It will not read into any sale or bailment a condition or proviso which is unreasonable, impossible or absurd.

Useful and even necessary as he may be, there are few if any members of the domesticated animal kingdom more unpredictably vicious, mean and treacherous than a bull. Coakley v. Dairy Cattle Congress, 228 Iowa 1130, 1135, 293 N.W. 457, and Restatement, Torts, sections 509, Comment e, and 518, Comment g.

Being neither commendable as a pet nor especially pleasing

to the eye, a bull is in fact commonly recognized as fit and suitable for one purpose only—perpetuation of the species.

VII. Although the existence of implied warranty may ordinarily be a fact issue, there are instances where, as in the case at hand, it becomes a matter of law for determination by the court. It is to us self-evident the claim made by plaintiff could not have been and was not within the contemplation of the parties at time of the bailment.—Affirmed.

All JUSTICES concur except JUSTICE MASON who takes no part.