352 F.Supp. 633 (1972)
Shirley J. LINDSAY, Executrix of the Estate of John Douglas Lindsay, Deceased, Plaintiff,
v.
McDONNELL DOUGLAS AIRCRAFT CORPORATION, a corporation, Defendant.
No. 68 C 354(1).
United States District Court, E. D. Missouri, E. D.
October 30, 1972.
Charles E. Gray, Gray, Friedman & Ritter, St. Louis, Mo., for plaintiff.
R. E. Keaney and M. E. Stokes, Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, District Judge.
This matter is pending on remand from the Court of Appeals, 460 F.2d 631, directing that the cause be reviewed on the theory of strict liability in tort.
The Court has carefully reviewed the evidence presented by both plaintiff and defendant. The principal evidence that the aircraft in question was defective arises from the deposition testimony of a shrimpboat captain, Leslie A. High. He testified that he and his wife were inside the cabin of the boat before midnight and he heard the engines of the aircraft groaning, or straining. He and his wife stepped out of the cabin and saw the aircraft burning in the air and plunge into the water and burn. In describing the fire he testified it was a large ball of fire, much larger than an afterburner. He testified that on the night in question there was a fog or ". . . mist that could play tricks with you." High testified that a few nights later the Navy flew planes by him and the fire he saw on these occasions from the afterburner was small as a bug in comparison to a full moon. It is to be noted that on this night there was no fog or mist and the Navy considered these tests inconclusive.
The Navy board of investigation found that the cause of the crash was due to an undetermined cause. It further found that three possible causes exist:
a. pilot disorientation
b. stall/spin
c. material failure.
Board members consider the latter as most possible.
The Court has considered the testimony of the expert witnesses who were: Derwyn Severy, for the plaintiff; Joseph James Walter, Charles Russell Stark, and Raymond Dale Hunt for the defendant. In considering the experience of these experts, their training and background, their credibility as witnesses, the manner in which their testimony *634 was given before the Court, and all the other evidence in the record, the Court has reached the conclusion that the plaintiff did not sustain her burden of proof that the aircraft in question was defective.
The Court is of the opinion, based on all the evidence, that the aircraft was not on fire prior to hitting the ocean. The most likely cause of the crash was, in the opinion of the Court, that the pilot stalled, causing fuel to vent, which was ignited by the afterburners, the pilot had vertigo, he did not radio distress to the other aircraft and neither he nor Lt. Roy attempted to eject from the plane. The vented fuel on fire when coming toward the shrimp boat captain would appear like a ball of fire and appear that the aircraft was on fire. This is true particularly on a foggy or misty night. Judgment will be entered for the defendant.