Shirley J. **LINDSAY**, Executrix of the Estate of John Douglas Lindsay, Deceased, Appellant,

v.

**McDONNELL DOUGLAS AIRCRAFT CORPORATION**, a corporation, Appellee.

No. 73-1072.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1973.

Decided Oct. 4, 1973.

Charles E. Gray of Gray, Friedman & Ritter, St. Louis, Mo., for appellant.

R. E. Keaney, St. Louis, Mo., for appellee.

Before GIBSON and BRIGHT, Circuit Judges, and SMITH, Senior District Judge.*

PER CURIAM.

This appeal concerns a review of the District Court's findings on remand of this same cause, reported as Lindsay v. McDonnell Douglas Aircraft Corporation, 460 F.2d 631 (8th Cir. 1972). The Honorable James H. Meredith, Chief Judge, Eastern District of Missouri, heard the original action and the case on remand.

Plaintiff originally brought this admiralty action under 46 U.S.C. § 761

---

* The Honorable Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

(Death on the High Seas by Wrongful Act), seeking damages for the death of her husband arising out of the crash of a F4B Navy fighter plane manufactured by defendant. The District Court originally found for the defendant,[1] and on appeal this court reversed and remanded for further findings.[2]

On remand, the District Court properly reviewed the evidence in light of the theory of strict liability in tort, found that the "aircraft was not on fire prior to hitting the ocean," and concluded that the plaintiff had not proved that the aircraft was defective. Lindsay v. McDonnell Douglas Aircraft Corporation, 352 F.Supp. 633, 633–634 (E.D.Mo. 1972).

■ We are again urged by appellant to review the factual findings under the clearly erroneous rule and also to hold that, as a matter of law, the evidence supports only one conclusion, namely that the plane was on fire as a result of a defect for which the appellee would be liable. Upon reviewing the evidence, we cannot say that there is no substantial support for the District Court's findings, even though we might have some disagreement with them and may have found otherwise as the original triers of the fact. Sitting as a reviewing court, we are mindful of the Supreme Court's admonition in Zenith Corp. v. Hazeltine, 395 U.S. 100, 123, 89 S.Ct. 1562, 1576, 23 L.Ed.2d 129 (1969):

"In applying the clearly erroneous standard to the findings of a district court sitting without a jury, appellate courts must constantly have in mind that their function is not to decide factual issues *de novo*. The authority of an appellate court, when reviewing the findings of a judge as well as those of a jury, is circumscribed by the deference it must give to decisions of the trier of the fact, who is usually in a superior position to appraise and weigh the evidence. The question for the appellate court under Rule 52(a) is not whether it would have made the findings the trial court did, but whether 'on the entire evidence [it] is left with the definite and firm conviction that a mistake has been committed.' United States v. United States Gypsum Co., 333 U.S. 364, 395 [68 S. Ct. 525, 542, 92 L.Ed. 746] (1948)." (other citations omitted).

■■ An appellate court accepts the presumption that the District Court's factual findings are correct,[3] and does not reevaluate the evidence nor substitute its judgment for the District Court's firsthand evaluation. Friedman v. Fordyce Concrete, Inc., *supra* at 387; Indemnity Ins. Co. of North America v. Pioneer Valley Savings Bank, 343 F.2d 634, 643–644 (8th Cir. 1965); Consolidated Sun Ray, Inc. v. Oppenstein, 335 F.2d 801, 804 (8th Cir. 1964), *quoting* Cleo Syrup Corporation v. Coca-Cola Company, 139 F.2d 416, 417–418 (8th Cir. 1943). Also, the plaintiff, as the complaining party, has the burden to clearly demonstrate error in the factual findings. Murphy v. Shelby, 353 F.2d 418, 421 (8th Cir. 1965); Montgomery Ward & Co. v. Steele, 352 F.2d 822, 826 (8th Cir. 1965).

Cognizant of the above standards of review, we conclude that the factual findings are not clearly erroneous and that no error was committed by the District Court in applying the proper legal principles to the factual issues presented.

Judgment affirmed.

---

1. That reported case is Lindsay v. McDonnell Douglas Aircraft Corporation, 331 F.Supp. 257 (E.D.Mo.1971).

2. Lindsay v. McDonnell Douglas Aircraft Corporation, 460 F.2d 631 (8th Cir. 1972).

3. Friedman v. Fordyce Concrete, Inc., 362 F.2d 386, 387 (8th Cir. 1966); Manning v. Jones, 349 F.2d 992, 995 (8th Cir. 1965).