**Richard Melvin ROBINSON, Appellant,**

v.

**Virginia Mae BOGNANNO d/b/a Bognanno's Comet and Virginia Mae Bognanno, Appellees.**

**No. 55852.**

Supreme Court of Iowa.

Dec. 19, 1973.

Arvid D. Oliver, Des Moines, for appellant.

Gerry M. Rinden, Rock Island, Ill., and Roy A. Golden, Des Moines, for appellees.

Heard before MOORE, C. J., and REES, REYNOLDSON, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

This is an interlocutory appeal from a ruling by the trial court sustaining a motion to dismiss two of three divisions of the petition. Plaintiff was injured after becoming intoxicated in defendant's tavern. We affirm.

Defendant owned and operated a tavern in Des Moines known as Bognanno's Comet. Plaintiff alleged he entered the premises as a patron on October 9, 1970 and was served intoxicating beverages by defendant's employees to the point he became intoxicated. He claims defendant, through her employees, thereafter continued to sell and serve him intoxicating beverages to the point he no longer had control of his

actions and could no longer comprehend inherent dangers he claims were created by his condition. While on the premises in such condition plaintiff claims to have been injured in a fall down a flight of stairs.

The petition was in three divisions. The first claimed a common law dram shop right of recovery. The third set out a statutory dram shop theory based, not on the regular dram shop statute section, 123.-95, The Code, 1966 (which appears as section 123.92, The Code, 1973) itself, but upon section 123.46(1), The Code, 1966 (which appears as section 123.49(1), The Code, 1973). References hereinafter will be to the 1973 Code. The second division of the petition is not involved in this appeal.

Plaintiff did not allege his intoxication was in any way involuntary on his part. Neither did he claim to be under any physical or other disability. Without suggesting the result would or would not be different had he done so we especially note he did not claim to be a minor.

■ Defendant's motion to dismiss, addressed to the first and third divisions of the petition, was sustained. On appeal he persists in his claim of a common law right of recovery and under the Code provision he relied upon in his third division. Plaintiff is driven to these theories if he hopes to proceed on a dram shop theory. The right to recover under the regular dram shop statute (section 123.92, The Code), is barred to a patron himself. Evans v. Kennedy, 162 N.W.2d 182 (Iowa 1968). We are not inclined to overrule Evans v. Kennedy and plaintiff does not suggest we directly do so. Plaintiff's two theories present alternative ways in which the same end could be accomplished.

In considering both divisions of the motion to dismiss we accept as true all well pleaded factual allegations of the petition, with doubtful pleadings resolved against the pleader. Meester v. Roose, 259 Iowa 357, 144 N.W.2d 274.

■ I. We have never recognized a common law right to recover against a dram shop operator. Cowman v. Hansen, 250 Iowa 358, 92 N.W.2d 682; Waynick v. Chicago's Last Department Store, 269 F.2d 322 (7 Cir. 1958); Evans v. Kennedy, supra; and Dairyland Ins. Co. v. Mumert, 212 N.W.2d 436. Indeed recovery seems to have been denied at common law. See Pose v. Roosevelt Hotel Co., 208 N.W.2d 19, 26 (Iowa 1973).

Plaintiff suggests we have not flatly denied such a right and cites language from Cowman v. Hansen, supra, which he views as equivocal on the question. Since submission of this appeal however we filed our opinion in Dairyland Ins. Co. v. Mumert, supra, which contains the following language:

"No common-law cause of action exists in Iowa against dram shop operators. Cowman v. Hansen, 250 Iowa 358, 92 N. W.2d 682. The legislature, consistent with its police power to regulate the sale and consumption of intoxicating liquors, has seen fit to provide exclusive right of action against vendors of liquor through the statutory scheme of the Dram Shop Acts, prescribing the remedies therein as well." 212 N.W.2d at 441.

This language is dispositive of the first division of plaintiff's petition. There is no common law right of recovery in Iowa against a dram shop operator. Consequently there was no error in dismissing the first division of plaintiff's petition.

II. Plaintiff's claim in the petition's third division proceeds from section 123.-49(1), The Code, which provides: "No person shall sell, dispense, or give to any intoxicated person, or one simulating intoxication, any alcoholic liquor or beer."

**532**

Plaintiff cites Majors v. Broadhead Hotel, 416 Pa. 265, 205 A.2d 873 (1965) and Soronen v. Old Milford Inn, Inc., 46 N.J. 582, 218 A.2d 630 (1966). In Majors recovery was allowed on the basis of the violation of a statute which prohibited the selling or furnishing of liquor to an intoxicated person. In Soronen recovery was allowed on the basis of the violation of an administrative regulation prohibiting service on licensed premises of alcoholic beverages to intoxicated persons.

Plaintiff argues that liability can be predicated on section 123.49(1) free from the barrier which obviously precludes him as the patron from proceeding under section 123.92. We however are convinced he cannot. The two cases he cites were decided in states which then had no regular dram shop statute allowing recovery such as our section 123.92. When a dram shop action is created by statute it generally becomes exclusive.

"One thing that must be constantly borne in mind when considering such acts is that the right and remedy created by them are exclusive; no right of action exists except as expressly given by statutes, and the remedy prescribed cannot be enlarged except by further legislative enactment." 45 Am.Jur.2d, Intoxicating Liquors, section 561, page 859. See also 48 C.J.S. Intoxicating Liquors § 431, page 717.

In adopting the statutory right of recovery against dram shop operators the legislature expressly and carefully limited the class of persons to whom that right was given. It would not be a proper judicial function to amend the legislation by interpretation so as to enlarge the class. Such an amendment would be the exclusive province of the legislature. Snook v. Herrmann, 161 N.W.2d 185 (Iowa 1968); Consolidated Freightways Corp. v. Nicholas, 258 Iowa 115, 137 N.W.2d 900.

Affirmed.