**FALCON EQUIPMENT CORPORATION and Mary Louise Faltico, Appellants,**

v.

**COURTESY LINCOLN MERCURY, INC., and Ford Motor Company, Appellees.**

No. 75–1790.

United States Court of Appeals, Eighth Circuit.

Submitted May 11, 1976.

Decided June 18, 1976.

Rehearing Denied Aug. 9, 1976.

Patrick Faltico, Kansas City, Mo., for appellant; Byron N. Fox, Kansas City, Mo., on brief.

Michael R. Hellige, Sioux City, Iowa, for appellees.

William J. Rawlings, Sioux City, Iowa, for appellee, Courtesy Lincoln-Mercury.

Gerald M. Kraai, Sioux City, Iowa, for appellee, Ford Motor Co.

Before BRIGHT, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

Falcon Equipment Corporation (Falcon) instituted this diversity action, claiming breach of warranty and fraud in connection with the sale of a defective automobile, against Courtesy Lincoln Mercury, Inc. (Courtesy) and Ford Motor Company (Ford). The district court,[1] sitting without a jury, dismissed the complaint and entered judgment for the defendants. The central issue in this appeal concerns the adequacy of the district court's factual findings. We hold that the court's findings are sufficient, not clearly erroneous, and accordingly affirm.

Falcon, a corporation with its principal place of business in Kansas City, Missouri, is engaged in the business of establishing incentive plans for corporate employees and negotiating for the sale of new cars to its customers. In January 1973 Patrick Faltico, Falcon's chief executive and legal counsel, telephoned Tom Flannery, a salesman for Courtesy, which is a Ford dealer in Sioux City, Iowa, and expressed an interest in purchasing a 1973 silver Lincoln Continental Mark IV. After further price negotiations by telephone, Faltico ordered the Mark IV from Courtesy in early February 1973 and tendered a $5,000 deposit. Following delivery of the Mark IV on March 13, 1973, Falcon claims that the automobile demonstrated general mechanical unreliability with specific defects in the power steering, brakes, speed control system, and numerous other parts. Accordingly, Falcon brought its complaints to the attention of Ford and Courtesy by telephone calls and letters. In addition, Falcon took the car during the 12,000 mile, 12-month warranty period to a Kansas City dealer, Crown Lincoln Mercury, in order to remedy its complaints. Following expiration of the warranty, Falcon also presented the car to another dealer, Bob Sight Lincoln Mercury, and paid for additional repairs.

1. The Honorable Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa.

Falcon was unable to arrive at an agreement regarding its complaints with Ford and Courtesy, and filed in the district court a complaint alleging fraudulent misrepresentation and breach of warranty in connection with the sale of the automobile.[2] Mary Louise Faltico, the wife of Patrick Faltico, purchased the Mark IV from Falcon in July 1974, and intervened in the litigation. The district court, sitting without a jury, ultimately dismissed the complaint on September 8, 1975. Falcon and Mrs. Faltico appeal from that dismissal.

Appellants initially contend in this appeal that the district court erred by failing to make specific findings as required by Fed. R.Civ.P. 52(a). More specifically, appellants allege that the court's findings relating to the existence of an implied warranty of fitness for a particular purpose and findings concerning various types of express warranty and their breach are inadequate. We disagree.

█ It is well established that the trial court does not need to make specific findings on all facts but only must formulate findings on the ultimate facts necessary to reach a decision. *See United States v. F.D. Rich Co.*, 439 F.2d 895, 899 (8th Cir. 1971); *Skelly Oil Co. v. Holloway*, 171 F.2d 670, 673 (8th Cir. 1948). Findings are adequate if they afford a reviewing court "a clear understanding of the basis of the trial court's decision." *Christensen v. Great Plains Gas Co.*, 418 F.2d 995, 1000 (8th Cir. 1969).

█ In the instant case the district court specifically concluded that plaintiff and intervenor failed to prove by a preponderance of the evidence that defendants had breached the express warranty contained in the warranty book or the implied warranty of merchantability. The court determined that Ford's advertising statements constituted an expression of opinion and commendation rather than an express warranty.

Moreover, the trial court concluded that plaintiff and intervenor did not establish by a preponderance of the evidence either the existence or breach of an implied warranty of fitness for a particular purpose. Although more extensive and elaborate findings would have been desirable in the instant case, we conclude that the district court's findings are sufficiently adequate to outline the grounds for its decision. The trial court's findings provide a clear understanding of the basis of the trial court's decision.[3] *See Christensen v. Great Plains Gas Co., supra,* 418 F.2d at 1000.

█ Appellants next contend that the following district court findings are clearly erroneous: (1) the automobile warranty book was in the glove compartment of the Mark IV on March 13, 1973, the date of delivery; and (2) Patrick Faltico signed a purchase order for the car on the date of its delivery. Both the warranty book and the purchase order contained a disclaimer of all warranties other than those in the warranty book.

A finding of the trial court is not to be disturbed unless clearly erroneous, either upon a clear demonstration that it is without substantial evidentiary support or that it was induced by an erroneous view of the law. Fed.R.Civ.P. 52(a). *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 123, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969); *Lindsay v. McDonnell Douglas Aircraft Corp.*, 485 F.2d 1288, 1289 (8th Cir. 1973); *Parham v. Pelegrin*, 468 F.2d 719, 722 (8th Cir. 1972); *Humble Oil & Refining Co. v. American Oil Co.*, 405 F.2d 803, 814 (8th Cir. 1969). There is ample evidence in the record in the instant case to support the court's findings. Clarence Hager, the service manager for Bob Sight Lincoln Mercury, testified that it was Ford's custom and practice to include a warranty book in the glove compartment of every new car delivered from the factory. Patrick Faltico assumed that the book was in the car at the

---

2. Although the purchase price of the automobile was $9,215, Falcon claimed actual damages of $15,000 and punitive damages in the amount of $3,000,000.

3. We note that appellants made no request in the district court for amended or supplemental findings. *See* Fed.R.Civ.P. 52(b).

time of delivery.[4]  Further, Tom Flannery expressly stated that Faltico signed the purchase order on March 13, 1973, the date of the car's delivery.

■ Appellants also assert that the district court erred in making the following conclusions: (1) neither Ford nor Courtesy impliedly warranted the 1973 Mark IV to be fit for a particular purpose; (2) Ford's national advertising representations did not create an express warranty; (3) neither Ford nor Courtesy breached the express warranty contained in the warranty book; and (4) neither of the defendants breached the implied warranty of merchantability. We disagree.  There is substantial evidence in the record to support the court's conclusions and no error of law is apparent.

■ Under Iowa law, an implied warranty of fitness for a particular purpose arises when a seller has reason to know of a particular purpose for which the goods are required and that the buyer is relying on the seller's skill in selecting or furnishing suitable goods.  Iowa Code § 554.2315.  *See Jacobson v. Benson Motors, Inc.*, 216 N.W.2d 396, 403–04 (Iowa 1974); *Madison Silos v. Wassom*, 215 N.W.2d 494, 499–500 (Iowa 1974); *Peters v. Lyons*, 168 N.W.2d 759, 763 (Iowa 1969).  The record in the instant case suggests that Falcon did not rely on Courtesy's judgment in selecting the 1973 Mark IV.  At the time of the initial contact with the dealer, Faltico had already cultivated a specific interest in the Mark IV, and any discussions between salesman Flannery and Faltico were primarily negotiations concerning the lowest possible price.  Furthermore, it is unclear whether Courtesy had reason to know of any particular purpose for Falcon's acquisition of an automobile such as the Mark IV.  Faltico did state that he wanted to purchase a quiet, dependable and comfortable automobile which would be suitable for long distance trips on interstate highways.  Such a general request for quality, however, seems rather ordinary in nature even when consider-

ing Falcon's assertion that the car was to be used as a "showpiece" in its business.  In any event, at best there was conflicting evidence in the record to show the breach of any such warranty.

■ It is also clear under Iowa law that affirmations relating merely to the seller's opinion or commendation of goods do not create a warranty.  Iowa Code § 554.-2313(2).  The thrust of Ford's advertising was devoted to comparing the Mark IV with Cadillac products in areas concerning comfort and riding characteristics.  The record suggests that Ford's advertisements were merely "puffing" and commendation of its product rather than statements of such specificity and import as to give rise to an express warranty.  *See generally Hogan v. McCombs Bros.*, 190 Iowa 650, 180 N.W. 770, 772–73 (1921).  In this regard, we note that the person who executed the automobile's purchase, Patrick Faltico, is a sophisticated businessman and an attorney.  He is an experienced negotiator of the purchase of many new cars, rather than an individual who might have relied more strongly on Ford's advertisements.  *See Carleton D. Beh Co. v. Des Moines*, 228 Iowa 895, 292 N.W. 69, 71 (1940).

Moreover, there is sufficient evidence in the record to support the trial court's conclusion that defendants did not breach either the express warranty contained in the warranty book or the implied warranty of merchantability.  *See* Iowa Code §§ 554.-2313, 554.2314.  The testimony of Earl Grandmontagne, service manager for Crown Lincoln Mercury, indicates that work was performed during the warranty period at Ford's expense in order to correct the buyer's verifiable complaints.  It is notable that Mr. Faltico was categorized as a person who was supersensitive about repairs.  In addition, Ford's and the dealer's obligations under the express warranty basically were terminated after 12 months or 12,000 miles.

---

4. The significance of appellants' contention is difficult to ascertain since the district court concluded that any disclaimers in the warranty book and the purchase order were ineffective in eliminating the implied warranty of merchantability.

The record also fails to show a breach of the implied warranty of merchantability or a breach of the express warranty since there is not sufficient evidence that any problems with the car were the result of defective conditions existing at the time of its sale or delivery. *See Hawkeye Security Insurance Co. v. Ford Motor Standard Oil Co.*, 174 N.W.2d 672, 678 (Iowa 1970); *Meester v. Roose*, 259 Iowa 357, 144 N.W.2d 274, 275–76 (1966). In fact, much of the repair history of the Mark IV could conceivably be viewed as mere maintenance resulting from the use of a car which had been driven approximately 33,000 miles at the time of trial.

We conclude that the trial court's factual findings are not clearly erroneous and no error was committed by the district court in applying the proper legal principles to the factual issues presented.[5]

Affirmed.

---

5. Appellants additionally contend that the district court erred by: (1) overruling Falcon's motion to strike Ford's answer or alternatively to compel Ford to further answer certain interrogatories served upon Ford by Falcon; (2) by not granting Falcon's untimely demand for a jury trial; and (3) by not granting Falcon a continuance or alternatively accepting the affidavit of one of Falcon's witnesses. These contentions, however, are devoid of merit and require no discussion. The district court's rulings on these matters were not inconsistent with substantial justice if not entirely proper. *See* Fed.R.Civ.P. 61.