James C. HORNER: Margie Horner, his wife; and Pam Horner, a minor, by James C. Horner and Margie Horner, her parents and next friends, Plaintiffs-Appellants,

v.

DAVID DISTRIBUTING CO., a corporation, and J. W. Johnson, Defendants-Respondents.

No. 11313.

Missouri Court of Appeals, Southern District, Division Three.

May 6, 1980.

C. A. Powell, Powell, Ringer & Ringer, Dexter, for plaintiffs-appellants.

John A. Clark, Friedewald & Chadwick, Poplar Bluff, for defendant-respondent David Distributing Co.

Joe Welborn, Briney, Welborn & Spain, Bloomfield, for defendant-respondent J. W. Johnson.

PREWITT, Judge.

Plaintiffs appeal from the trial court's dismissal of their petition for failure to state a claim for which relief can be granted. Plaintiffs contend that the petition stated a cause of action for breach of implied warranty for failure to sell a replacement part for a furnace and that pursuant to Article I, Section 14 of the Missouri Constitution, a remedy must be afforded for every injury to persons or property.

In considering whether plaintiffs' petition states a cause of action, we take as true all factual allegations of the petition. Plaintiffs allege that in 1975 they purchased a Fedders furnace for their house from defendant Johnson, who was a dealer of defendant David Distributing Co. Johnson purchased the furnace from David Distributing Co. Commencing in October 1977 and until January 25, 1978, the furnace did

not operate because of a defective 24–volt relay unit. Plaintiffs notified defendant Johnson, who ordered a new relay unit from David Distributing Co. Plaintiffs did not receive it until January 25, 1978, after threats made to David Distributing Co. by plaintiffs' attorney. Plaintiffs claim actual and punitive damages. Other allegations in the petition relevant to the issues before us are as follows:

"2. During the year 1975 and at all times since then, the Defendant David Distributing Co. was a distributor of furnaces, air conditioners, spare parts for the same and other products manufactured by the Fedders Corporation of Edison, New Jersey, and at all times it had on hand spare parts or had available to it from the manufacturer spare parts to be furnished to its dealers and their customers to replace such parts of furnaces and air conditioners as might from time to time be required for the continued and satisfactory use and operation of such furnaces and air conditioners as have been sold by its dealers to their customers. Having such spare parts on hand or available to it from the manufacturer at all times so that the same could be furnished and supplied to its dealers and customers was an established custom, course of dealing and usage of the trade, all of which was then known to the Defendant David Distributing Co., to Defendant J. W. Johnson, and to the Plaintiffs James C. Horner and Margie Horner.

\* \* \* \* \* \*

10. On account of the aforesaid custom, course of dealing and usage of trade, when the Plaintiffs James C. Horner and Margie Horner purchased the aforesaid furnace and air conditioning unit, both Defendants impliedly warranted and agreed to furnish and deliver to them any and all parts, including the aforesaid 24–volt relay, which might become necessary for the proper operation of the furnace and air conditioner, within a reasonable time after the sale of said furnace and air conditioner upon being requested to do

so, at a reasonable charge, for which James C. Horner and Margie Horner were willing and able to pay."

∎ We first consider plaintiffs' constitutional argument. Article I, Section 14 of the Missouri Constitution provides in part:

"That the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, . . . ."

This section was never intended to create rights but to protect citizens in enforcing rights recognized by law. *State ex rel. National Refining Co. v. Seehorn*, 344 Mo. 547, 127 S.W.2d 418, 424 (1939); *Renfrow v. Gojohn*, 600 S.W.2d 57, (Mo.App.W.D. 1980). Also see *Schulte v. Missionaries of La Salette Corp. of Mo.*, 352 S.W.2d 636, 641 (Mo.1961). This constitutional provision is of no aid to plaintiffs unless their petition alleges a claim recognized by law.

Plaintiff contends that the petition states a claim recognized by § 400.2–314(3), RSMo 1969. Section 400.2–314 provides for certain implied warranties and concludes that "other implied warranties may arise from course of dealing or usage of trade." Plaintiffs' brief states that they "seek to recover from both defendants on the theory that there was an implied warranty when they purchased the furnace and air conditioner, arising from the course of dealing and the usage of the trade that the defendants had on hand or available to them and would sell to them spare parts for the furnace and air conditioner which they had on hand or available to them . . . at any time the same were needed . . . in accordance with the provisions of § 400.2–314(3)." We do not find and no case authority has been cited to us either for or against plaintiffs' contentions under any similar situation.

∎ A warranty is implied when the law derives it by implication or inference from the circumstances of the transaction. *Mitchell v. Rudasill*, 332 S.W.2d 91, 95, 87 A.L.R.2d 1309 (Mo.App.1960); 77 C.J.S. Sales § 301, p. 1116. Warranties are implied according to the presumed intention of the parties. 77 C.J.S. Sales § 314, p.

1156. The cases recognize, similar to the provisions of § 400.2–314(3), that custom and usage may be evidence of the parties' intentions and, by implication, may create provisions or obligations in contracts. *State ex rel. H.K. Porter Company, Inc. v. Nangle*, 405 S.W.2d 501, 504 (Mo.App.1966).

 An implied warranty arises by operation of law and must be applied in a reasonable sense. *Meester v. Roose*, 259 Iowa 357, 144 N.W.2d 274, 276 (1966). The existence of an implied warranty is often a question of fact but there are instances where its existence can be determined as a matter of law. *Id.* Here we can say as a matter of law that even if the facts alleged are true, no implied warranty as is claimed exists. Courts do not imply warranties contrary to the experience of mankind nor read into a sale unreasonable conditions. *Whitmer v. Schneble*, 29 Ill.App.3d 659, 331 N.E.2d 115, 118 (1975). Either or both defendants might wish to go out of business or want to terminate the handling of some or all of the Fedders products or parts. If the warranty claimed is implied, there would be potential liability for doing so for some period of time after their last sale of a complete product. Such a warranty, as plaintiffs contend was implied, is a promise to do a future act, not one of the quality of the product. Having parts available might be good business practice, but having them in the past would not imply that defendants agree to do so in the future. We do not believe it reasonable to imply that they agreed to have parts available after the sale.

The judgment is affirmed.

All concur.