# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 01-3874/02-1377

_____

| | | |
|---|---|---|
| John P. Hoehne, Karl F. Hoehne, and Hoehne Brothers, a Minnesota General Partnership, | * * * * | |
| Plaintiffs-Appellees, | * * | |
| v. | * * * | Appeals from the United States District Court for the District of Minnesota. |
| Steven N. Kerns, | * * | |
| Defendant-Appellant, | * * | [UNPUBLISHED] |

_____

Submitted: October 7, 2002

Filed:  October 10, 2002

_____

Before MURPHY, GIBSON, and MELLOY, Circuit Judges.

_____

PER CURIAM.

John and Karl Hoehne and their family farm partnership brought this action against Steven Kerns for fraud and other state law claims, seeking damages and a constructive trust on assets acquired by Kerns with funds he procured from plaintiffs for business ventures involving elk management. Plaintiffs moved for a preliminary injunction to prohibit Kerns from transferring any of his real property before the

merits could be decided, and the district court[1] granted the requested relief and issued an order enjoining Kerns from transferring certain property. The plaintiffs later asked the court to modify the preliminary injunction to prevent dispersal of uncashed negotiable instruments which Kerns had acquired with their funds. The court issued an order modifying the injunction and requiring Kerns to deposit the instruments into a court controlled escrow account. Kerns appeals from both orders.

Having carefully reviewed the record, we conclude that the district court did not abuse its discretion in granting the requested preliminary relief. The court applied the correct standard of law and weighed the appropriate factors in deciding the motions. It was not necessary for it to hold an evidentiary hearing, and it did not abuse its discretion by granting the preliminary injunction motion on the basis of affidavits. See Movie Systems, Inc. v. MAD Minneapolis Audio Distributors, 717 F.2d 427, 432 (8th Cir. 1983). The district court made sufficient findings of fact and conclusions of law to discern the basis for its order and to identify the acts required or prohibited. See Falcon Equip. Corp. v. Courtesy Lincoln Mercury, 536 F.2d 806, 808 (8th Cir. 1976). Finally, the evidence in the record supports the injunctive relief granted. Accordingly, we affirm. See 8th Cir. Rule 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The Honorable James M. Rosenbaum, Chief United States District Judge for the District of Minnesota.